UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHEL CRAFTON, as Administratrix of CASEY CRAFTON, deceased,<br><br>Plaintiff,<br><br>-v.-<br><br>AMERICAN AIRLINES INC., et al.<br><br>Defendants. | Case No.: 1:25-cv-3382 (ACR) |

**<u>MOTION FOR ORDER APPOINTING PLAINTIFFS' STEERING COMMITTEE</u>**

Pursuant to the Court's instruction that Plaintiffs identify the members of a Plaintiffs' Steering Committee ("PSC"), Plaintiffs' counsel respectfully request that the Court approve the following PSC organization and roles. The undersigned counsel propose a PSC led by a Lead Counsel, two Co-Chairs, and a Liaison Counsel. The proposed Lead Counsel will be Brian J. Alexander of Kreindler & Kreindler LLP, which represents the estates of over half the victims of this tragic crash. The two proposed Co-Chairs are Robert A. Clifford of Clifford Law Offices, P.C., and Douglas A. Latto of Speiser Krause, P.C. The proposed Liaison Counsel is Vincent C. Lesch of Kreindler & Kreindler LLP. Mr. Lesch is a young partner, and this will be the first time he serves on a PSC. The PSC will also include additional members of the Kreindler, Clifford and Speiser firms, as well as one attorney from each of the other firms selected and retained by victims' families.

Plaintiffs respectfully submit this PSC structure, which has been used in other aviation cases with similar scheduling deadlines, will allow Plaintiffs to timely and efficiently meet all

1

Court ordered deadlines and properly prepare the cases for trial. The PSC would meet regularly and be responsible for making strategic decisions that apply to all Passenger Plaintiffs involved in this lawsuit and otherwise ensuring this litigation may proceed efficiently on a day-to-day basis. The PSC would also ensure that every passenger victims' perspective is represented in this litigation.

The undersigned have conferred extensively with all other presently identified Plaintiffs' counsel, and all agree with the relief sought herein. The undersigned have also conferred with counsel for Defendants, who confirmed they take no position on the relief requested herein.

## I. Factual Background

This case stems from the fatal mid-air collision of American Eagle Flight 5342 ("AE 5342") with a United States Army UH-60 Blackhawk helicopter on January 29, 2025. This crash took the lives of 67 people, including 60 passengers, 2 cabin crew, and 2 pilots aboard AE 5342, as well as the 3 person flight crew aboard the Blackhawk, consisting of two pilots and a crew chief. These deaths give rise to 67 individual wrongful death and survival claims on behalf of decedents domiciled in various States (including, but not limited to Connecticut, the District of Columbia, Delaware, Kansas, Massachusetts, Maryland, North Carolina, New Jersey, New York, Rhode Island, Virginia and other States) and foreign countries.

Kreindler & Kreindler LLP was retained by the families and estates of 34 passenger decedents and has taken the lead in identifying and organizing counsel for the other passenger Plaintiffs. Clifford Law Offices, P.C., was retained by 9 passenger decedents, and Speiser Krause, P.C., was retained by 6 passenger decedents. Together, these three firms represent more than three-quarters of the decedents from this tragic crash and have taken the lead in prosecuting this case to date, in coordination with 10 other firms representing the remaining 10 passenger decedents who

could be identified, including Regan Zambri Long LLP, which was retained by 3 passenger decedents.[1] [2]

All Plaintiffs' counsel have met extensively and believe that the proposed organizational structure will facilitate the orderly and efficient prosecution of this complex case, which involves many legal issues that will need to be briefed cooperatively among counsel, and the inevitability of a voluminous document production that will require considerable resources and coordination to store and review.

## II. Proposed Plaintiffs' Steering Committee

Because of their extensive collective experience prosecuting numerous commercial airline crash cases like this one, their retention by the vast majority of Plaintiffs, and their ability and commitment to dedicate their firms' substantial resources to this case, the proposed Lead Counsel and Co-Chairs are best equipped to lead this case in an efficient and cost-effective manner.

### A. Lead Counsel

Plaintiffs propose Brian J. Alexander of Kreindler & Kreindler LLP to serve as Lead Counsel. As Lead Counsel, Mr. Alexander will be responsible for: coordinating the responsibilities of the PSC, receiving and distributing promptly to counsel for non-PSC Plaintiffs (*e.g.*, counsel for the AE 5342 pilots) all relevant notices and other documents from the Court or from other parties, submitting to the Court and distributing to Defendant any notices or other documents,

---

[1] One passenger remains unidentified and therefore their counsel (if any) also remains unidentified by Plaintiffs.

[2] The undersigned also identified counsel for the pilots of AE 5342: Todd Smith of Smith LaCien LLP. Given that the passenger Plaintiffs' allegations partly concern the conduct of the pilots, the pilot Plaintiffs will not be able to participate in the Plaintiffs' Steering Committee. The undersigned are also unaware of any counsel for the Blackhawk flight crew decedents.

establishing and maintaining a depository for all documents produced by Defendants, keeping minutes or transcripts of meetings, appearing at periodic court noticed status conferences, performing other necessary administrative or logistical functions, and carrying out any other duty as the Court may order. Brian J. Alexander is well-qualified to serve in this capacity.

### B. Co-Chairs

Plaintiffs propose that two Co-Chairs of the PSC be appointed. The Co-Chairs, along with Lead Counsel, would provide directions in the lawsuit and guide the PSC in this case. Each proposed Co-Chair's responsibilities would be non-exclusive and overlapping. If appointed, the Co-Chairs would share in strategic decision-making and have authority to participate in all aspects of this case.

The undersigned counsel propose that Robert A. Clifford of Clifford Law Offices, P.C., and Douglas A. Latto of Speiser Krause, P.C., be appointed PSC Co-Chairs with responsibilities including: (i) to advance the common interests of the Plaintiffs in the prosecution of liability and legal issues on damages in the actions against Defendants and any other parties hereafter joined or added as Defendants; (ii) to brief and argue motions and appear at all pretrial proceedings on behalf of Plaintiffs and to oppose all motions of parties whose interests are adverse to Plaintiffs; (iii) to prepare and direct legal research and memoranda on issues of law that arise in this lawsuit; (iv) to supervise the liability discovery proceedings including the depositions of witnesses, preparation of written interrogatories, requests for production of documents, requests for admission, and other discovery requests; (v) to initiate motions as deemed necessary; and (vi) to perform such other duties and functions as this Court may direct. Robert A. Clifford and Douglas A. Latto are well-qualified to serve in this capacity.

### C. Plaintiffs' Leadership Responsibilities

The Lead Counsel and Co-Chairs, collectively the PSC Leadership, would be responsible for making strategic decisions on issues that apply to all Plaintiffs involved in this lawsuit. If approved, the PSC Leadership would be authorized to prepare liability fact stipulations, discovery requests, and other documents on behalf of all Plaintiffs. The Lead Counsel and Co-Chairs would be empowered to designate and assign such duties and responsibilities as they deem necessary for the preparation of the cases for trial.

The undersigned counsel propose that all liability discovery be conducted in a coordinated and consolidated basis by and/or at the direction of the PSC Leadership. All final decisions regarding the prosecution of the case should be made by the Lead Counsel and the two Co-Chairs, with the advice and input of the PSC. The Plaintiffs propose that the decisions of the PSC Leadership bind all Plaintiffs' counsel in this case as if those actions or non-actions had been undertaken by Plaintiffs' counsel, with leave to file application with the Court at any time for good cause shown why Plaintiffs' counsel should not be bound by a particular action or non-action of the PSC Leadership.

### D. Liaison Counsel

The Plaintiffs propose Vincent C. Lesch as Liaison Counsel. His responsibilities would include facilitating communications between the Plaintiffs and Defendants and between the Plaintiffs and the Court. In most circumstances, he will file documents with the Court on behalf of the Plaintiffs' committee and will otherwise serve as the primary point of contact for Plaintiffs in the case. He will also manage the finances for the Plaintiffs' Steering Committee and carry out other responsibilities assigned to him by the PSC.

### E. Plaintiffs' Steering Committee

The Plaintiffs also propose that this Court appoint additional members of the Plaintiffs' Steering Committee, including additional counsel from the Kreindler, Clifford and Speiser firms, as well as at least one counsel selected and retained by each Passenger Plaintiff. In addition to ensuring that every victims' family is represented on the PSC, these attorneys have significant aviation, mass tort and other relevant experience. The PSC will be called upon by the PSC Leadership to assist in the prosecution of the case. The members of the full PSC are identified in the Joint Status Report being submitted to the Court simultaneously with this Motion.

Plaintiffs' counsel expect that the PSC will be organized into subcommittees to assist with liability discovery in the case, with a subcommittee focusing on requesting and reviewing discovery from each actor involved in the crash (e.g., an American Airlines/PSA Airlines subcommittee, a Federal Aviation Administration/Air Traffic Control subcommittee, and/or a United States Army subcommittee), as well as subcommittees to focus on any legal issues that may arise and another focusing on experts. The operation of these subcommittees in requesting and reviewing the substantive discovery, conducting depositions, briefing motions, etc., would, of course, be separate and distinct from the work of the Joint Discovery Committee ("JDC") directed by the Court (whose members do not overlap with the PSC and will operate independently to advance discovery jointly with the Defendants members of the JDC).

The support of the entire PSC and subcommittees thereof will be essential to efficiently deploying the resources of all Plaintiffs' counsel to meet Court ordered deadlines and properly prepare these cases for trial.

### F. Litigation Expenses

The Plaintiffs respectfully request that the Court empower the PSC Leadership to determine jointly the amount of funding necessary to prosecute this lawsuit. Once the calculation is made, the PSC Leadership would have the right to seek contribution from all Plaintiffs' counsel for costs required to prosecute the case jointly on behalf of all Plaintiffs. If additional assessments are needed in the future as the case progresses, then the PSC Leadership could seek further assessments from all Plaintiffs' counsel. All Plaintiffs' counsel have already agreed to share and contribute to expenses in this manner. Funds will be placed in a designated trust account held by the PSC Leadership and all Plaintiffs will receive periodic accountings of receipts and disbursements.

### G. PSC Fees

The PSC will not seek a common benefit fee assessment in connection with the work performed in this case.

### CONCLUSION

Based on the foregoing, Plaintiffs' counsel respectfully request that the Court approve of the organizational structure described herein.

Dated: October 20, 2025

Respectfully submitted,

| KREINDLER & KREINDLER LLP | CLIFFORD LAW OFFICES, P.C. |
|---|---|
| By: /s/ Brian J. Alexander<br>    Brian J. Alexander<br>    (Bar ID: NY0679)<br>    Justin T. Green<br>    (applicant *pro hac vice*)<br>    Anthony Tarricone | By: /s/ Robert A. Clifford<br>    Robert A. Clifford<br>    (Bar ID: IL0135)<br>    Kevin P. Durkin<br>    (Bar ID: IL0136)<br>    Tracy Brammeier |

7

(Bar ID: 492480)
Daniel O. Rose
(applicant *pro hac vice*)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(admission pending)
Erin R. Applebaum
(applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

(Bar ID: IL0137)
John V. Kalantzis
(applicant *pro hac vice*)
120 N. LaSalle Street Suite 3600
Chicago, Illinois 60602
(312) 899-9090
rac@cliffordlaw.com
kpd@cliffordlaw.com
tab@cliffordlaw.com
jvk@cliffordlaw.com

SPEISER KRAUSE, P.C.

By: \_\_\_\_/s/ Douglas A. Latto_____
    Douglas A. Latto
    (Bar ID: NY0672)
    Kenneth P. Nolan
    (applicant *pro hac vice*)
    Jeanne M. O'Grady
    (admission pending)
    Frank H. Granito, III
    (applicant *pro hac vice*)
    800 Westchester Avenue, Suite S-608
    Rye Brook, New York 10573
    (914) 220-5333
    dal@speiserkrause.com
    f3g@speiserkrause.com
    jog@speiserkrause.com
    kpn@speiserkrause.com

*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October 2025, the foregoing document was served by electronic filing on all counsel of record through the Court's ECF system.

/s/ Vincent C. Lesch
Vincent C. Lesch
