UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RACHEL CRAFTON, as Administratrix of
CASEY CRAFTON, deceased,

Plaintiff,

-v.-

AMERICAN AIRLINES INC., et al.

Defendants.

Case No.: 1:25-cv-3382 (ACR)

**PLAINTIFFS' MOTION FOR RELIEF FROM THE COURT'S ORDER TO ADD ADDITIONAL DEFENDANTS BY OCTOBER 28, 2025**

Plaintiffs appreciate and are cognizant of the schedule set by the Court to bring these matters to trial and are working diligently to efficiently progress this matter for our clients. Plaintiffs, however, seek relief from or reconsideration of one deadline in the present schedule that, absent extension, would result in potential significant prejudice to the Plaintiffs. The consolidated Plaintiffs respectfully move this Court to relieve them from the requirement to add any additional defendants by October 28, 2025. Plaintiffs request only a 3 week extension of this deadline until November 18, 2025. Plaintiffs have met and conferred with counsel for Defendants American Airlines, Inc., PSA Airlines, Inc., and the United States of America concerning this requested extension, and all Defendants confirmed they have no objection to this request.

A scheduling order deadline may be modified upon a showing of good cause and with the judge's consent. *See* F.R.C.P. 16(b)(4). Good cause for modification is demonstrated by showing both diligence in attempting to meet the present deadline and a lack of prejudice to the opposing parties from the requested modification. *See Phillips v. District of Columbia*, Civil Action No. 22-

1

277 (JEB), 2023 WL 5607449, at *2 (D.D.C. Aug. 30, 2023) (citing *In re Papst Licensing GmbH & Co. KG Litig.*, 762 F. Supp. 2d 56, 59 (D.D.C. 2011)). Plaintiffs respectfully submit that there is good cause to modify the deadline to add parties because the information and discovery necessary to fully and fairly determine whether to add parties is presently unavailable to Plaintiffs despite their due diligence in seeking it, and because this requested short extension will not prejudice Defendants, nor jeopardize the current trial date or schedule. In support, Plaintiffs state as follows:

At the pre-answer hearing in this matter on October 14, 2025, counsel for Defendant United States of America stated to the Court that "we don't know who all the parties are going to be" in this litigation and suggested helicopter manufacturer Sikorsky may become a party to the case. (See Exhibit 1, Oct. 14, 2025, Hr'g Tr. at 36:6-20). The Court then ordered Plaintiffs to decide whether they would be adding Sikorsky as a defendant in this case within the next two weeks. (*Id.*) The Court's Scheduling Order issued later in the day, however, ordered that "[i]f Plaintiffs seek to join [any] additional defendants, they must do so in the consolidated master complaint." (ECF Doc 13 at p. 1-2).[1] Pursuant to that same Order, the consolidated master complaint is to be filed by October 28, 2025. (*Id.,* at p. 1).

Plaintiffs, however, are presently at a distinct disadvantage as compared to the Defendants PSA Airlines, Inc., and the United States of America, because Plaintiffs, unlike those Defendants, are not parties to the ongoing National Transportation Safety Board ("NTSB") investigation and only have access to the information the NTSB has released to the public thus far. Based on only the incomplete and publicly available information to date, Plaintiffs do not presently intend to add

---

[1] Additional defendants could include, but not be limited to component part manufacturers as well as Sikorsky.

Sikorsky or any other entity as a defendant in this matter. There are several factors, however, that could result in a change in circumstances for the Plaintiffs regarding adding additional parties to this litigation.

*First*, as this Court is aware, although the NTSB has released a robust public docket regarding this occurrence, not all documents gathered by the NTSB have been made publicly available (especially with regard to the military), the investigation is ongoing, and the NTSB's final report has not yet been issued. (Exhibit 1, Hr'g Tr. at 21:17-22:19). Plaintiffs have also confirmed with the NTSB that it has not released the wreckage of the subject Black Hawk helicopter nor the American Eagle CRJ700 plane involved in this crash, and therefore Plaintiffs' experts have not had an opportunity to inspect either aircraft.[2] While Plaintiffs have no reason to believe that the NTSB's final report or release of additional information will alter their assessment of Sikorsky's role, or that of any other potential party, Plaintiffs should not be foreclosed from that possibility at this early juncture in the case.

*Second*, no discovery has been conducted. As discussed at the October 14, 2025, hearing, Plaintiffs have yet to receive any documents from the Defendants, including NTSB investigation documents their clients or client agencies submitted that were not released as part of the public docket. (*Id.* at 22:20-23:7). While Defendants have been ordered to produce all documents their clients or client agencies have submitted to the NTSB by October 28, 2025, Plaintiffs will not have an opportunity to review this discovery before having to decide whether to add additional defendants to the Master Complaint that must be filed on the same date (October 28th). Plaintiffs,

---

[2] As parties to the investigation, however, employees of Defendants' clients or client agencies who have served in a role limited to providing technical assistance to the NTSB, under the rules and regulations of the NTSB's party system, participated in wreckage inspections of their aircraft by the NTSB.

in their continuing diligent prosecution of this matter, have also contacted Sikorsky and asked them to voluntarily produce all NTSB investigation records in their possession as soon as possible, and are awaiting a response. This information (if produced) will also not be available to Plaintiffs with sufficient time to review and analyze before the current October 28, 2025, deadline. A review of the NTSB documents to be produced by Defendants and any documents voluntarily produced by Sikorsky could cause Plaintiffs to reassess Sikorsky (or other entities) as a necessary party. Plaintiffs should not be foreclosed from adding additional parties to this litigation before they can fairly and fully determine, using the same information available to Defendants, if adding those parties is in Plaintiffs' best interests.

Based on the foregoing, Plaintiffs' respectfully request that the Court modify the current scheduling order and/or relieve them from the requirement to add any additional party as a defendant by October 28, 2025. Plaintiffs request that the deadline to add defendants instead be extended by three (3) weeks and reset for November 18, 2025.[3] This proposed extension will provide Plaintiffs time to review the NTSB documents being produced by Defendants on October 28, 2025, as well as any documents hopefully produced by Sikorsky, prior to determining whether to join additional parties. Defendants have confirmed they do not object to this extension nor will they suffer any prejudice from this extension since other scheduling order deadlines will not be impacted, nor will the trial date.

---

[3] Plaintiffs note that the time in which Defendants may serve a Third-Party Complaint and join additional parties has not been altered from the default of 14 days after answering pursuant to Rule 14(a)(1). Because Defendants would therefore be allowed to assert a Third-Party Complaint and otherwise add parties *after* even the extended deadline requested for Plaintiffs to name additional parties, Plaintiffs reserve their right to assert direct claims against any Third-Party Defendants named by the present Defendants pursuant to Rule 14(a)(3). Plaintiffs do not believe that the Court's scheduling order deadline for Plaintiffs to join additional defendants intended to alter Rule 14(a)(3) but it is mentioned here solely to clarify this issue. Defendants do not object to Plaintiffs' reservation of rights under Rule 14.

Pursuant to paragraph 9(b) of the Court's Standing Order in Civil Cases (ECF Doc 8), Plaintiffs further state:

i. The original date of the deadline to add parties that Plaintiffs seek to extend is the present date (October 28, 2025);

ii. There have not been any previous extensions of this deadline;

iii. Good cause for this extension exists as demonstrated herein;

iv. This extension will have no effect on any other presently set deadlines. The Defendants can still produce the NTSB investigation materials and Plaintiffs shall file their Master Complaint on October 28, 2025 (as previously ordered), the parties can and will confer and file their Rule 26(f) report by November 11, 2025, serve document requests by November 14, 2025, and make initial disclosures by January 5, 2025.

v. [This subparagraph, 9(b)(v), of the Court's Standing Order is in applicable]; and

vi. As stated above, Defendants do not object or oppose the requested extension.

Plaintiffs respectfully request that the Court grant this motion as well as such other further relief the Court deems appropriate.

DATED:     October 23, 2025

                                              Respectfully submitted,
                                              KREINDLER & KREINDLER LLP

                                              By:   */s/ Brian J. Alexander*
                                                     Brian J. Alexander
                                                     (Bar ID: NY0679)
                                                     Justin T. Green
                                                     (applicant pro hac vice)
                                                     Anthony Tarricone
                                                     (Bar ID: 492480)
                                                     Daniel O. Rose

>>(applicant pro hac vice)
>>Vincent C. Lesch
>>(Bar ID: NY0675)
>>Evan Katin-Borland
>>(admission pending)
>>Erin R. Applebaum
>>(applicant pro hac vice)
>>485 Lexington Avenue, 28th Floor
>>New York, New York 10017
>>(212) 687-8181
>>balexander@kreindler.com
>>jgreen@kreindler.com
>>atarricone@kreindler.com
>>drose@kreindler.com
>>vlesch@kreindler.com
>>ekatinborland@kreindler.com
>>eapplebaum@kreindler.com

>CLIFFORD LAW OFFICES, P.C.
>>Robert A. Clifford
>>(Bar ID: IL0135)
>>Kevin P. Durkin
>>(Bar ID: IL0136)
>>Tracy Brammeier
>>(Bar ID: IL0137)
>>John V. Kalantzis
>>(applicant pro hac vice)
>>120 N. LaSalle Street Suite 3600
>>Chicago, Illinois 60602
>>(312) 899-9090
>>rac@cliffordlaw.com
>>kpd@cliffordlaw.com
>>tab@cliffordlaw.com
>>jvk@cliffordlaw.com

>SPEISER KRAUSE, P.C.
>>Douglas A. Latto
>>(Bar ID: NY0672)
>>Kenneth P. Nolan
>>(applicant pro hac vice)
>>Jeanne M. O'Grady
>>(admission pending)
>>Frank H. Granito, III
>>(applicant pro hac vice)
>>800 Westchester Avenue, Suite S-608
>>Rye Brook, New York 10573

(914) 220-5333
dal@speiserkrause.com
f3g@speiserkrause.com
jog@speiserkrause.com
kpn@speiserkrause.com

*Counsel for the Plaintiffs*

Case 1:25-cv-03382-ACR   Document 23   Filed 10/23/25   Page 7 of 8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 23, 2025, the foregoing document was served by electronic filing on all counsel of record through the Court's ECF system.

                                  /s/ Vincent C. Lesch

                                  Vincent C. Lesch