# EXHIBIT 1

```
 1                IN THE UNITED STATES DISTRICT COURT
                         DISTRICT OF COLUMBIA
 2

 3   RACHEL CRAFTON and MATTHEW      ) CIVIL NO.:
     CULLY,                          ) 25-3382-ACR
 4           Plaintiffs,             ) 25-3437-ACR
          vs.                        )
 5                                   )
     AMERICAN AIRLINES, INC.,        )
 6   et al.,                         ) October 14, 2025
             Defendant.              ) Washington, D.C.
 7   _____    ) 8:58 a.m.

 8
                     Transcript of Status Conference
 9                Before the Honorable Ana C. Reyes
                     United States District Judge
10

11   APPEARANCES:

12   For Plaintiff Rachel Crafton:

13        Robert A. Clifford, Esquire
          Kevin P. Durkin, Esquire
14        Tracy A. Brammeier, Esquire
          John Kalantzis, Esquire
15        Clifford Law Offices, P.C.
          120 North LaSalle Street
16        36th Floor
          Chicago, IL 60602
17

18   For Plaintiff Matthew Cully:

19        Patrick M. Regan, Esquire
          Regan Zambri & Long, PLLC
20        1919 M Street, NW
          Suite 350
21        Washington, D.C. 20036

22
          Dane Hal Butswinkas, Esquire
23        Paloma Cipolla Moguilevsky, Esquire
          Williams & Connolly LLP
24        680 Maine Avenue SW
          Washington, D.C. 20024
25
```

```
 1    APPEARANCES: (Cont'd)

 2

 3    For Defendant American Airlines, Inc.
      and PSA Airlines, Inc.:
 4
          William F. Gould, Esquire
 5        Holland & Knight LLP
          1800 17th Street NW
 6        Suite 1100
          Washington, D.C. 20006
 7

 8    For Defendant United States of America:

 9        Debra Fowler, Esquire
          Bradley J. Preamble, Esquire
10        Department of Justice
          Civil Division, Torts Branch
11        Aviation Space & Admiralty Litigation
          P.O. Box 14271
12        Suite Civ-T-Asa
          Washington, DC 20044-4271
13

14    Also Present:   Brian Alexander, Esquire (by telephone)
                      Justin Green, Esquire
15                    Douglas Latto, Esquire

16

17

18

19

20

21    Reported by:    Christine T. Asif, RPR, FCRR
                      Federal Official Court Reporter
22                    333 Constitution Avenue, NW
                      Washington, D.C. 20001
23                    (202) 354-3247

24

25    Proceedings recorded by machine shorthand; transcript produced
      by computer-aided transcription
```

1  to dismiss settled.  I think everyone knows what this case is
2  about and we're going to move forward quickly.
3         With respect to my ability to do so, I commend to
4  you Federal Rule of Civil Procedure Rule 26 as well as Rules
5  16 and 34, which confer on me a broad discretion to manage and
6  modify discovery procedures.  And the D.C. Circuit has said
7  that I may exercise my discretion to control the docket and
8  dispatch my business, the Court's business, except upon the
9  clearest showing that the procedures have resulted in actual
10 and substantial prejudice to a party.  *U.S. v. Microsoft,* 253
11 F.3d 34, 100, D.C. Circuit 2001.
12        There is no such prejudice to any party here,
13 because even if I grant the motions to dismiss in full, the
14 only draw back is a few months of discovery at most.  And I
15 assume, actually, that the defendants have already begun and
16 collected a number of documents in connection with the NTSB
17 probe.  I understand that on July 30th, 2025, the NTSB began
18 hearings on the collision and publicly released a docket with
19 nearly 200 exhibits in connection with its investigation.  I
20 assume at least of which some of it came from the defense in
21 this case.
22        Plaintiffs, can you tell me -- well, let me start
23 with defense.  Have defendants produced documents to the NTSB?
24 Have you already done a document collection or have you -- can
25 you just explain to me what has happened so far.

```
1            MS. FOWLER:  Yes, Your Honor.  The documents have
2    been disclosed to the NTSB.  And that is, in fact, an ongoing
3    process.  Because the Board isn't finished with its
4    investigation yet, it continues to collect documents from both
5    the Army and the FAA.  And the Court should be aware, if
6    you're not already yet, anybody who's a party to the
7    investigation is bound by the rules of the investigation,
8    which don't allow disclosure beyond the NTSB.  So --
9            THE COURT:  Okay.  Well, that can't -- I can't
10   imagine that that means I can't order you all to produce it to
11   the plaintiffs in this case.
12           MS. FOWLER:  I'm not sure if there is a process for
13   that --
14           THE COURT:  Well, there's a process, it's the
15   Federal Rules of Civil Procedure.
16           MS. FOWLER:  Yes.  And I don't know if that gets
17   around the regulation or -- but I can say there is an issue
18   with the party status.  And right now they're not disclosing
19   documents to anyone other than the Board.
20           THE COURT:  Okay.  Well, unless you get me a Supreme
21   Court or D.C. Circuit decision that says that somehow the
22   NTSB's secrecy, whatever, trumps the Federal Rules of Civil
23   Procedure, I'm going to ask you to give that information in
24   this proceeding to the plaintiffs.  And, of course, if you
25   want to put in a protective order, by all means.
```

1     MS. FOWLER:  Yeah.  I was going to say at a minimum
2 I'm sure we'll need some sort of protective order.  But we
3 will look into this further and report back to the Court.
4     THE COURT:  Okay.  Well, I'm going to proceed as if
5 I can do it until you tell me otherwise.  So you all are going
6 to proceed as if you can do it until I say otherwise, okay?
7     MS. FOWLER:  Yes.
8     THE COURT:  All right.
9     MR. GOULD:  Thank you, Your Honor.  Just to echo,
10 the regulation in play is 14 C.F.R. -- sorry, Your Honor, I
11 need my glasses, 14 C.F.R. 831.13, Subsection (c).  And what
12 the Court has here, PSA is a party -- American Airlines is
13 not, the ticketing entity is not, but PSA is a party.  So we
14 would have to -- we walked into court, albeit a bit late,
15 thinking that we would put off --
16     THE COURT:  You were actually a lot late.
17     MR. GOULD:  Pardon me?
18     THE COURT:  You weren't a bit late, you were a lot
19 late.
20     MR. GOULD:  I apologize, Your Honor, again.  We
21 walked into court thinking that it was most efficient for
22 everybody involved to put off discovery until --
23     THE COURT:  We're not putting off discovery.
24     MR. GOULD:  I understand.
25     THE COURT:  We're not putting off discovery.  Save

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

```
1    in.  Every party that comes in is going to be stuck with this
2    process.  And the plaintiffs who are coming in late, they'll
3    get the discovery from the steering committee.  And if we have
4    to deal with damages, then you guys can, you know, ask them
5    for their damages information.
6              MS. FOWLER:  Okay.  And parties, we don't know who
7    all the parties are going to be.
8              THE COURT:  What does that mean?
9              MS. FOWLER:  Well, there -- we have -- we know
10   American, we know PSA, we know the United States.  There has
11   been discussion about whether Sikorsky will also be --
12             THE COURT:  Who's -- I'm sorry, who is Sikorsky?
13             MS. FOWLER:  Sikorsky is the manufacturer of the
14   helicopter.
15             THE COURT:  Is the manufacturer of the helicopter
16   going to be a party, Mr. Clifford?
17             MR. CLIFFORD:  To be decided, Your Honor.  It's a
18   new topic.
19             THE COURT:  Well, you've got about two weeks to
20   decide it, because I'm moving forward.
21             MS. FOWLER:  And then we don't know that everybody
22   will file in this district.  People might file in another
23   district and then we're going to have to deal with the
24   transfer, MDL process, one of the two.  Again, we're not
25   opposed to consolidation --
```

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter