**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RACHEL CRAFTON, as Administratrix of the Estate of CASEY CRAFTON, deceased, | |
| Plaintiff, | |
| -v.- | |
| AMERICAN AIRLINES INC., PSA AIRLINES, INC., and UNITED STATES OF AMERICA | Case No:  1:25-cv-03382 (ACR) |
| Defendants. | |

**FED. R. CIV. P. 26(c) PROTECTIVE ORDER**

A.    Definitions

1.    "Action" or "Lawsuit" shall mean the above-captioned case pending in the U.S.  District Court for the District of Columbia, Case No.  1:25-cv-03382-ACR, and all cases that are consolidated with this action presently and in the future.

2.    "NTSB Restricted Information" shall mean documents responsive to this Court's Order dated October 14, 2025 (ECF No. 13) and designated as confidential and subject to this Protective Order.  This definition does not include, and this Protective Order does not contemplate, Classified National Security Information as discussed in Executive Order 13526.[1]

3.    "Confidential Information" shall mean documents or information containing the following:

---

[1] As of the filing of this document, the United States has not identified any Classified National Security Information produced to the NTSB in relation to the subject accident investigation

a.     information prohibited from disclosure by statute and/or regulation, including but not limited to:

    i.     Controlled Unclassified Information, as defined in 32 C.F.R. §2002.4, including National Defense Information (NDI) subject to 18 U.S.C. § 793;

    ii.     Export Controlled Information, including information subject to the requirements of the Export Administration Regulations (EAR), 15 C.F.R. §§ 730.1, et seq., and/or the International Traffic in Arms Regulations, which implement the Arms Export Control Act (ITAR), 22 C.F.R. §§ 120.1, et seq.;

    iii.     Personal and confidential information pertaining to Government employees including medical records, employment records, employee training and proficiency records, employee performance records, drug/alcohol test results, position logs, employee schedules, and other information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a;

    iv.     Health information protected by the Health Insurance and Portability and Accountability Act of 1996;

    v.     Information provided through the  FAA's voluntary reporting programs, including but not limited to the Air Traffic Safety Action Program (ATSAP) pursuant to 49

2

U.S.C. § 40123 and 14 C.F.R. Part 193, and the Flight

Operation Quality Assurance Program (FOQA) pursuant to

14 C.F.R. § 13.401;

vi.  Sensitive Security Information ("SSI") as defined by 49

CFR Part 1520; and

vii.  medical information concerning any individual and as set

forth in 45 C.F.R. § 160.103 (and 45 C.F.R. § 164.501);

c.  research, technical, proprietary, commercial or financial

information that the party has maintained as confidential;

e.  personal identity and financial information;

f.  income tax returns (including attached schedules and forms), W-2

forms and 1099 forms; or

g.  personnel or employment records.

4.  "Disclose" (or forms thereof) shall mean to distribute, provide, or

otherwise make available for access, viewing, or copying.  This includes the actual

covered document, as well as the contents thereof, such that disclosing a copy, summary,

paraphrasing, or derivative would be a disclosure of the document or information itself

for purposes of this Protective Order.

5.  "Document" shall be synonymous with the definition of that term as

described in in Fed. R. Civ. P. 34(a)(1)(A).

6.  "Challenging Party" shall mean any party who challenges a designation of

Protected/Confidential Information under this Protective Order.

7.     "Designating Party" and "Producing Party" shall mean any party to the Action who produces documents or information in discovery.

8.     "Receiving Party" shall mean any Party to this action who receives documents or information subject to this Protective Order.

9.     "Discovery Committee" shall mean the committee established by the Court to assist in the management of discovery issues and the resolution of discovery disputes in this matter.

10.     "Protected Information" shall mean any document or information which has been marked by the Designating Party as being subject to one or more of the categories of protections described herein.

B.     Purpose, Scope, and Limitations of Protective Order

1.     This Protective Order governs the disclosure, use, handling, and disposition of the documents designated as one or more of the categories of Protected Information as defined herein including during all discovery and pre-trial matters.

2.     This Protective Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file Protected Information in connection with a motion, brief or other submission to the Court must confer with all other parties and provide the results of that conferral process in a motion to seal, as well as an analysis of the relevant factors in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) warranting sealing. Motions to seal shall comply with this Court's Standing Order in Civil Cases, ECF No. 8.

3.     This Protective Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

4

4.      Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party by U.S. law, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

5.      A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.  A Producing Party's production of document(s) or portions of document(s) under this Protective Order shall not act as a waiver of privilege, or admission regarding the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1), with respect to any other document(s) or any other portions of document(s) not produced.

6.      The protections conferred by this Protective Order do not cover any information that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

7.      Nothing in this Protective Order shall restrict the right of the Producing Party, including its employees and contractors, to use its own Protected Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Protected Information to lose its designation as Protected Information, then it shall no

longer be subject to any protection under this Protective Order. For NTSB Restricted Information that is not produced on October 28, 2025, the parties to the NTSB investigation will continue to comply with 49 C.F.R. § 831.13, including by consulting with the NTSB when such information is requested by a party to the litigation.

8.      Neither the termination of this Action, nor the termination of employment by (or other relationship between) a party and any person who has had access to any Protected Information designated under this Order, shall relieve the Parties or such persons of the obligations under this Protective Order, which shall survive.

9.      Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

    C.      <u>Methods for Designating Protected Information</u>

1.      Designations of Protected Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order. Documents may have multiple designations.

2.      "NTSB Restricted Information." A Producing Party may designate documents as "NTSB Restricted Information" which means any information which the NTSB deems protected by 49 C.F.R. § 831.13.

2.      "Highly Confidential – Attorneys' Eyes Only Information." A Producing Party may designate documents as "Highly Confidential – Attorneys' Eyes Only Information" (referred to herein as "AEO Information"), which means information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Producing Party that constitutes, contains, or reveals highly sensitive information. As of the filing of this document, the anticipated AEO designations anticipated by the United

States will be the medical records of the Army Black Hawk crew members which the Army provided to the NTSB. The parties will address any other categories of documents or information to be designated AEO with the Joint Discovery Committee before designating them as AEO.

3.     "Sensitive Security Information." A Producing Party may designate a document as "Sensitive Security Information," which means information protected by 49 U.S.C. § 1520 and which shall be handled by each Party in the manner proscribed by such statute.

4.     "Confidential Information." A Producing Party may designate a document as "Confidential Information."

5.     Protected Information produced in paper or electronic form that allows for facial endorsement shall be so designated on each page of the document asserted to contain Protected Information.

6.     Documents designated as Export Controlled Information or Controlled Unclassified Information shall be additionally indicated as "EXPORT CONTROLLED INFORMATION" or "CUI," respectively.

7.     Electronic files containing Protected Information covered by this Protective Order that are produced in a format not amenable to facial endorsement (e.g., a video, or spreadsheet produced in "native" format) shall be produced with a cover page designated in accordance with paragraph (C)(1), which cover page shall always accompany the underlying electronic file. The media on which such confidential electronic files are provided (*e.g.,* CD, DVD, external hard drive) shall be designated and remain plainly labeled with text in accordance with Paragraph (C)(3) above.

8.    Answers to interrogatories, or responses to requests for admissions, that contain Protected Information covered by this Protective Order shall be designated by placing within each numbered answer or response the following: "Confidential", "NTSB Restricted Information," "SSI," "AEO", or similar designation.

9.    Deposition testimony containing Protected Information shall be designated during the deposition on the record, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Protected Information.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated with the appropriate confidentiality designation under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.  Upon designation of deposition testimony, endorsement text in accordance with Paragraph (C)(1) shall be placed on the front of the original and each copy of a deposition transcript.  If the deposition was filmed, both the recording storage medium (*i.e.*, CD or DVD) and its container shall be labeled in accordance with Paragraph (C)(1) above.

10.    For any other document, electronic record, or tangible thing produced in this Action not falling within the above subparagraphs, Protected Information designations shall be made by labeling the item or the item's container in accordance with Paragraph (C)(1) above.  If only a portion or portions of the information contained

8

in such item warrant protection as Protected Information or other confidentiality designation, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

11.     If it comes to the Producing Party's attention that information designated as Protected Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties in writing that it is withdrawing the designation for the applicable information.  Any and all other designations applicable to such information shall continue in effect until such time as those other designations are withdrawn in accordance with this Paragraph.

D.     <u>Challenging Designations</u>

1.     The Challenging Party may initiate a challenge to the Designating Party's designation under this Protective Order by providing to the Designating Party: (a) written notice of each designation it is challenging and (b) a description of the basis for each challenge.

2.     If the dispute is not resolved within fourteen (14) calendar days of the written challenge notice, the parties will present the issue at the next Discovery Committee meeting.  During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must review the applicable documents and either keep or change the designation.

3.     If the Designating Party decides to change its designation, it shall promptly give notice of this change to all parties.

4.     The Parties shall make every effort to resolve the designation through the Discovery Committee process.  Motions regarding confidentiality designations may not

be filed except in accordance with the Discovery Committee process.

5.      Any information designated as Protected Information pursuant to this Protective Order shall be treated as Protected Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Protected Information or (b) the Court rules that such information should not be treated as Protected Information.

6.      At all times, the Designating Party retains the burden of proof as to the confidential nature of any designated material.

E.      Disclosure, Use, and Handling of Protected Information

1.      A Receiving Party may use Protected Information only in connection with this Action, and only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Protected Information only in accordance with the terms of this Protective Order.  No party shall release any of the details of these records, or any photographs contained therein, to any individual or organization not specifically authorized in this Protective Order, to include the media.

2.      Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Protected Information.

3.      Any copying or transferring of electronic files designated as Protected Information must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the cover page with all files that are not facially endorsed, transferring only via encrypted and/or password-protected means, and protecting networks and/or devices on which files are stored including by controlling users' access thereto.

4.      Further to the limitations stated in this section, Confidential and/or NTSB Restricted Information may only be disclosed to:

a.  Receiving Parties;

b.  Attorneys of record for the Receiving Parties and their legal assistants, paralegals, information technology personnel and other support personnel who are directly employed or contracted by those attorneys or the Party;

c.  Other counsel in this action;

d.  Expert witnesses and consultants retained by the Receiving Party in connection with this Action;

e.  Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

f.  Mediators or arbitrators retained in connection with this Action;

g.  Witnesses whose deposition testimony is sought or taken in connection with this Action.  Documents designated under this Protective Order and disclosed to any witness shall be limited to those documents necessary for the deposition; and

h.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

5.  With respect to SSI, Protected Information may only be disclosed as set forth in 49 U.S.C. § 1520.

11

6. With respect to Export Controlled Information and Controlled Unclassified Information, the persons identified in Paragraph (E)(4)(a)-(h) must be U.S. persons permitted to view such information under U.S. law (specifically EAR (15 C.F.R. §§ 730.1, *et seq.*), ITAR (22 C.F.R. §§ 120.1, *et seq.*)) and/or 48 C.F.R. § 252.204-7012 and 32 C.F.R. §§ 2002.1, *et seq.*  Counsel or another individual authorized to received Export Controlled Information or CUI Material will not in any manner disclose, export, or transfer Export Controlled Information or CUI Material to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency, except as expressly permitted by U.S. law. Use or access outside of the U.S. or by Non-U.S. persons within the U.S. may require a license from the U.S. Department of State in accordance with ITAR, from the U.S. Department of Commerce in accordance with the EAR and/or in accordance with 48 C.F.R. § 252.204-7012, and/or an agreement in accordance with 32 C.F.R. §§ 2002.16.  The party producing the documents accepts no liability on behalf of the recipient for the procurement of or expense of such license, or in the event the recipient discloses controlled information or violates the EAR, ITAR, 32 C.F.R. §§ 2002.1, *et seq.*, 48 C.F.R. § 252.204-7012 and/or any other applicable law or regulation.  Diversion of any technical data subject to the ITAR, EAR and/or 48 C.F.R. § 252.204-7012 to any (i) person, (ii) entity, (iii) country or (iv) any entity located or incorporated in a country, that is on any denied party list or list of sanctioned countries, pursuant to either the EAR, ITAR, 48 C.F.R. § 252.204-7012, or any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control

Regulations (31 C.F.R. Chapter V) is prohibited.

7.    Information designated as Highly Confidential – Attorney Eyes Only may only be disclosed to attorneys of record for the Receiving Party.

8.    Disclosure to the persons referenced in Paragraph (E)(4)(a)-(g) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as Exhibit A.

9.    Persons receiving Protected Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

10.    Unless the Designating Party gives written permission, all Protected Information that is filed with the Court must be: (1) filed along with an appropriate motion to seal in accordance with the Standing Order in Civil Cases, ECF No. 8; or (2) redacted from any filing.

11.    If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking designated Protected Information, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Protected Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either: (a) the Designating Party does not object to the production of the Protected Information; or (b) that the Designating Party will seek appropriate relief or protection from the proper Court. The Designating Party shall bear the burden and expense of seeking protection of its designated Protected Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey

a lawful directive from this or another court.

  12. If the need arises for any party to disclose Protected Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving three (3) business days  days' notice to the Designating Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

  F. <u>Inadvertent Production of Protected Information</u>

  1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties have agreed to, and shall, follow Fed. R. Civ. P. 26(b)(5)(B) and the procedures specified below with respect to any inadvertently or unintentionally produced or disclosed Protected Information.

  2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Protected Information in accordance with this Protective Order, has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Protected Information and to prevent further unauthorized disclosures of the Protected Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the

unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Information that was the subject of the unauthorized disclosure.

3.      Pursuant to Federal Rule of Evidence 502(d), production of any record by a Federal agency in this litigation does not waive any Privacy Act protection of that record outside this litigation, and any such record produced in this litigation must be strictly protected in accordance with this Order.

4.      Notwithstanding any federal statute or regulation, no agency, officer, employee or attorney of the United States shall be subject to any civil or criminal penalty or sanction relating to the disclosure of non-public information, provided that such disclosure is made pursuant to the terms of this Order.

G.      Disposition of Documents Containing Protected Information

1.      Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Protected Information or (b) return them to the Designating Party, except materials that exist on back-up tapes or similar systems.  Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  In the course of disposing of information in its possession under

this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Protected Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

2.      For material that contains or reflects Protected Information, but that constitutes or reflects counsel's work product, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Information subject to this Protective Order, and remains accompanied by a copy of this Protective Order.

3.      Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Protected Information, so long as such material is and remains clearly marked to reflect that it contains Protected Information.

4.      For any information designated as SSI, the Parties shall dispose of the materials in the manner proscribed by 49 U.S.C. § 1520.19.

5.      Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Protected Information unless and until its Designating Party agrees otherwise in writing or a Court order directs.

Dated:  Oct. 27, 2025

SO STIPULATED:

CLIFFORD LAW OFFICES, P.C.

By: _____ */s/ Brian J. Alexander* _____
Brian J. Alexander
(Bar ID: NY0679)
Justin T. Green
(applicant pro hac vice)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(applicant pro hac vice)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(admission pending)
Erin R. Applebaum
(applicant pro hac vice)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

CLIFFORD LAW OFFICES, P.C.

By: _____ */s/ Robert A. Clifford* _____
Robert A. Clifford
(Bar ID: IL0135)
Kevin P. Durkin
(Bar ID: IL0136)
Tracy Brammeier
(Bar ID: IL0137)
John V. Kalantzis
(applicant pro hac vice)
120 N. LaSalle Street Suite 3600

Chicago, Illinois 60602
(312) 899-9090
rac@cliffordlaw.com
kpd@cliffordlaw.com
tab@cliffordlaw.com
jvk@cliffordlaw.com

SPEISER KRAUSE, P.C.

By:___/s/ Douglas A. Latto_____
Douglas A. Latto
(Bar ID: NY0672)
Kenneth P. Nolan
(applicant pro hac vice)
Jeanne M. O'Grady
(Bar ID: NY0673)
Frank H. Granito, III
(applicant pro hac vice)
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
(914) 220-5333
dal@speiserkrause.com
f3g@speiserkrause.com
jog@speiserkrause.com
kpn@speiserkrause.com

*ATTORNEYS FOR CRAFTON PLAINTIFFS*

REGAN ZAMBRI & LONG, PLLP

By:___/s/ Patrick M. Regan_____
Patrick M. Regan
(DC Bar No. 336107)
1919 M Street, NW, Suite 350
Washington, D.C. 20036
pregan@reganfirm.com

WILLIAMS & CONNOLLY LLP

By: /s/ Dane Hal Butswinkas_____
Dane Hal Butswinkas
(DC Bar No. 425056)
Paloma Cipolla Moguilevsky
(*pro hac vice*)

18

680 Maine Avenue SW
Washington, D.C. 20024
dbutswinkas@wc.com
pcipollamoguilevsky@wc.com

*ATTORNEYS FOR CULLEY PLAINTIFFS*


HOLLAND & KNIGHT LLP

By*:    /s/ William Gould      *
WILLIAM GOULD
800 17th Street NW, Suite 1100
Washington, DC 20006

*ATTORNEYS FOR DEFENDANTS*
*AMERICAN AIRLINES, INC. AND PSA*
*AIRLINES, INC.*


UNITED STATES DEPARTMENT OF
JUSTICE

BRETT A. SHUMATE
Assistant Attorney General

DEBRA D. FOWLER
Senior Aviation Counsel
BRADLEY J. PREAMBLE
(DC Bar No. 493969)
Trial Attorney

By*:    /s/ Laine M. Goodhue          *
LAINE M. GOODHUE
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty
P.O. Box 14271
Washington, DC 20044-1471
Tel. (202) 616-4019
Fax (202) 616-4002
Email: bradley.j.preamble@usdoj.gov

*ATTORNEYS FOR DEFENDANT*
*UNITED STATES OF AMERICA*

## **ORDER**

The Court GRANTS the foregoing Stipulated Protective Order.

SO ORDERED this  27th  day of  October , 2025.


_____
ANA C. REYES
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RACHEL CRAFTON, as Administratrix of
the Estate of CASEY CRAFTON, deceased,

                Plaintiff,

     -v.-

AMERICAN AIRLINES INC., PSA
AIRLINES, INC., and                    Case No:   1:25-cv-03382-ACR

UNITED STATES OF AMERICA

                Defendants.

**CERTIFICATION**

1.      My name is_____

2.      I have read the Protective Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of the Protective Order, and agree to comply with and be bound by its provisions.  I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3.      I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____


by _____
           (Print Name)


Signed_____