**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025** | Lead Case No:  1:25-cv-03382-ACR |
| This Filing Relates to: *All Cases* | |

## RULE 26(f) REPORT AND DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), LCvR 16.3 and this Court's October 14, 2025, Order, Plaintiffs and Defendants the United States of America, American Airlines, Inc., and PSA Airlines, Inc. (collectively "Defendants" and together with Plaintiffs, the "Parties") hereby submit the Parties' Joint Rule 26(f) Report and proposed Scheduling Order for the Court's consideration.  Counsel for the parties have met and conferred via video conference on October 27, November 4, 6, 7, and 10, 2025, to discuss the matters herein.

## STATEMENT OF THE CASE

On January 29, 2025, a CRJ700 aircraft operating as American Eagle Flight 5342 and a United States Army UH-60 Black Hawk helicopter collided over the Potomac River while on approach to land at Ronald Reagan Washington National Airport.  67 people were killed, including 60 passengers, 2 cabin crew and 2 pilots aboard Flight 5342, and 3 flight crew aboard the Black Hawk.  Plaintiffs in this consolidated action seek wrongful death and survival damages from Defendants American Airlines, Inc., and PSA Airlines, Inc., (collectively the "Airline Defendants") for their failure to safely operate the subject flight, and against the United States of America for the negligence of the Federal Aviation Administration and of the United States Army.

1

## LCvR 16.3 REQUIREMENTS

1.     **Dispositive Motions:** The Airline Defendants plan to file a motion to dismiss for which the Court has ordered a briefing schedule, as set forth below in the Proposed Schedule, *infra*. The Airline Defendants further intend to file a motion for summary judgment at or before the conclusion of discovery. The Court has also ordered that discovery will proceed while the motion to dismiss is pending.

2.     **Additional Parties/Amendment of Pleadings:** The Court has already ordered Plaintiffs to add any additional defendants by November 18, 2025. The parties agree that Defendants shall add any other parties within their time to answer the complaint (i.e., within 14 days from denial of any Motion to Dismiss pursuant to Fed. R. Civ. P. 12(a)(4)(A) at the latest). Plaintiffs may then commence suit against any Third-Party Defendants joined by Defendants as direct defendants pursuant to Fed. R. Civ. P. 14(a)(3). The addition of Plaintiffs is addressed *infra* in ¶ 16.

3.     **Magistrate Judge Assignment:** The parties currently do not consent to the appointment of a magistrate judge for all purposes, including trial.

4.     **Settlement:** The parties have discussed the possibility of settlement, and Plaintiffs and the United States are prepared to engage in settlement discussions in individual cases as sufficient damages information is received. The Airline Defendants, however, do not agree to participate in settlement discussions until after motions to dismiss are ruled upon.

5.     **Alternative Dispute Resolution:** The parties agree that mediation with a private mediator(s) may be productive after the decision on the motion to dismiss and the conduct of some liability and damages discovery.

6.      **Summary Judgment:**  The Airline Defendants anticipate filing a motion for summary judgment at or before the completion of discovery, if they are not dismissed from this action pursuant to Fed. R. Civ. P. 12(b).[1]  Plaintiffs anticipate there will be numerous disputed facts and expert opinions that make this case unsuitable for disposition on summary judgment as to any Defendant.

The parties agree that the deadline for summary judgment motions should be three weeks after the close of discovery and approximately 90 days before the final pretrial conference. Oppositions should be due 28 days after filing, with any Reply due 14 days later, and decisions on any such motions at the final pretrial conference at the latest. *See* Proposed Schedule, *infra*.

7-11.    Discovery, Scheduling Matters, and ESI are addressed below in the Proposed Schedule, Discovery Protocol and ESI Protocol.  The Court has already entered an stipulated protective order.

12.      **Class Action:** N/A

13.      **Bifurcation:** The parties agree that discovery should not be bifurcated or phased at this time.  The Plaintiffs respectfully suggest that trial on all issues as to all Defendants should proceed on April 12, 2027, beginning with liability, and including damages in three to five bellwether or exemplar cases, with the remaining damages cases tried separately in groups afterward.  The Airline Defendants and the United States propose that any trial begin with liability, followed by separate damages trials for the remaining cases in a streamlined fashion to be discussed and decided at the close of discovery.

---

[1]  The United States may file a motion to dismiss and/or for partial summary judgment as to certain claims by Plaintiffs that are excluded under the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), and/or as to any damage claims by Plaintiffs not available under applicable state law.

14.     **Pretrial Scheduling:** The parties request a final pretrial conference under LCvR 16.5 be set 30 days before trial.  The parties request that motions *in limine* be filed approximately 30 days before the final pretrial conference, Oppositions filed 14 days later, and any Reply 7 days after any Opposition.

15.     **Trial Scheduling:** The Court has already set a trial date of April 12, 2027.

16.     **Other Matters:** Plaintiffs are ready to begin filing additional cases by adopting the Master Complaint using short form complaints as soon as the Court enters the further consolidation order with respect to additional plaintiffs who file related cases contemplated by the Court's prior order. *See* ECF No. 13 at 2-3.  Attached to this Report as <u>Exhibit A</u> is a proposed order concerning consolidation of additional cases and a copy of the short form complaint template that will be used by additional Plaintiffs to file cases.  The Defendants will only be required to respond to the Master Complaint and any Notice of Adoption/Short Forms.

## <u>PROPOSED SCHEDULE</u>

The Parties hereby propose the following schedule in this case:

| <u>Deadline</u> | <u>Due Date</u> |
| --- | --- |
| First Document Requests | November 14, 2025 |
| Plaintiffs' Deadline to Add Additional Defendants | November 18, 2025 |
| Defendants' Responses to Master Complaint | December 17, 2025 |
| Initial Disclosures | January 5, 2026 |
| Start Rolling Production and serve RFP responses [2] | January 5, 2026 |
| Plaintiffs' Opposition to Any Motion to Dismiss | January 16, 2026 |

---

[2] Any Plaintiffs joined on or after December 1, 2025, will respond to any pending discovery and make initial disclosures no later than 60 days after being joined.

| | |
|---|---|
| Defendants' Reply on Any Motion to Dismiss | January 30, 2026 |
| Completion of Liability Fact Discovery | August 31, 2026 |
| Plaintiffs' Expert Disclosures[3] | August 31, 2026 |
| Defendants' Expert Disclosures | October 1, 2026 |
| Rebuttal Expert Disclosures | October 22, 2026 |
| End of Discovery | December 15, 2026 |
| Last Day to File Motions for Summary Judgment and *Daubert* Motions[4] | January 8, 2027 |
| Mandatory Mediation Deadline | February 1, 2027 |
| Motions *in Limine* | February 8, 2027 |
| Oppositions to Motions *in Limine* | February 22, 2027 |
| Replies to Motions *in Limine* | March 1, 2027 |
| Joint Pre-trial Statement per Standing Order ¶ 12 and LCvR 16.5(a) | March 1, 2027 |
| Pre-trial Conference | March 15, 2027 |
| Trial | April 12, 2027 |

## **DISCOVERY PROTOCOL**

All discovery shall be subject to the provisions of the Protective Order (ECF No. 26) in this case and nothing herein modifies those provisions. The parties will cooperate to avoid unnecessary discovery. To the extent possible, the parties will stipulate to facts that are not in

---

[3] Plaintiffs shall endeavor to disclose damages experts early, without prejudice and for settlement purposes only pursuant to FRE 408, to assist with mediation and/or settlement discussions of any claims. The early disclosure of any reports will not otherwise shift rebuttal report deadlines.

[4] Responses to Summary Judgment motions will be due 28 days after filing, with any Reply due 14 days later.

dispute.  The Discovery Committee will determine whether any enlargement of the limitations set forth in this protocol will be permitted.

### A. Discovery Committee Procedure

1. **Meeting schedule.**  The Discovery Committee shall meet each Friday at 10:00 am eastern time via video conference or such other time as agreed by the Discovery Committee.  Plaintiffs' representatives on the Discovery Committee shall host the meeting.  The Discovery Committee may set this regular weekly meeting for a different day or time on agreement and will set additional meetings as necessary to address any discovery issues.

2. **Attendance.**  Aside from the Committee members, any attorney who has appeared in this case may attend and observe the meetings, as may their consultants, in particular consultants on electronic discovery or other technical issues relevant to discovery.  No person other than Committee members may act as meeting participants or otherwise interfere with Committee meetings.

3. **Agenda.**  The Discovery Committee members shall notify each other of items they intend to discuss at each meeting the day prior to each meeting.  Issues or topics not added to the agenda may still be addressed at the meeting if they may delay the progress of discovery.

4. **Decision making.**  The Discovery Committee shall discuss and resolve issues by consensus; there will be no formal voting procedure.

5. **Record keeping**.  To foster open communications, the Discovery Committee meetings will not be recorded.  Significant decisions of the Discovery Committee will be documented in writing.

6. **Dispute resolution.**  In the event the Discovery Committee is unable to resolve a dispute discussed in a meeting, it will make no fewer than two (2) additional attempts to come to agreement on the issue before notifying the Court of the need for intervention pursuant to the Court's procedure set forth at ECF No. 8 at 8, ¶ 10.

## B. Document Requests

### 1. Liability

    a.    Plaintiffs are entitled to issue 125 document requests (including any subparts) concerning liability to the U.S. and 50 to each Airline Defendant.[5]

    b.    Defendants are each entitled to issue 50 document requests (including any subparts) concerning liability to each Defendant, 50 document requests (including any subparts) to the PSC and 50 document requests to the pilot Plaintiffs.[6]

### 2. Damages

    a.    The PSC is entitled to issue 30 document requests (including any subparts) concerning damages to each defendant.

    b.    Each defendant is entitled to issue 50 document requests (including any subparts) concerning damages for each decedent.[7] [8]

---

[5] The Discovery Committee may revise/modify limits upon requests for production to the Airline Defendants as necessary, which may include shifting some requests from one Airline Defendant to another.

[6] The Airline Defendants, will serve one set of liability requests for production to Plaintiffs (i.e., The Airline Defendants, will have a total of 50 requests for production concerning liability between them).

[7] Defendants will coordinate to avoid serving duplicative, redundant or otherwise overlapping requests for production.

[8] The Discovery Committee may revise limits upon requests for production as appropriate in cases where multiple decedents' claims are filed in a single action.

**C. Interrogatories**

    1. **Liability**

        a. The PSC is entitled to issue 50 interrogatories (including subparts) concerning liability to each defendant.

        b. Each defendant is entitled to issue 50 interrogatories (including subparts) concerning liability to each defendant and 20 interrogatories (including subparts) concerning liability to the PSC and 20 interrogatories to the pilot Plaintiffs.

    2. **Damages**

        a. The PSC is entitled to issue 30 interrogatories (including any subparts) concerning damages to each defendant.

        b. Each defendant is entitled to issue 50 interrogatories (including any subparts) for each decedent.[9] [10]

**D. Requests to Admit**

    1. Each party may issue unlimited requests to admit to the genuineness of described documents should a party decline to stipulate to the document's genuineness.

    2. Each party may issue up to 75 requests to admit regarding liability or damages to each party relating to facts.

---

[9] Defendants will coordinate to avoid serving duplicative, redundant or otherwise overlapping interrogatories.

[10] The Discovery Committee will revise limits upon interrogatories as appropriate in cases where multiple decedents' claims are filed in a single action.

**E.  Written Discovery Propounded to the United States**

Because Plaintiffs' Complaint alleges two Government agencies (the FAA and the US Army) were negligent in relation to the subject accident, the parties will use best efforts to ensure that all written discovery propounded to the United States by any party shall specify whether it seeks documents or information from the FAA or the Army or some other Government agency or some combination.

**F.  Later Joined Plaintiffs' Response Times**

1.  For any Plaintiff who is joined in litigation pending in this Court on or before December 1, 2025, responses to document requests and interrogatories served on or before that date are due on January 5, 2026.

2.  For any Plaintiff joined after December 1, 2025, document requests and interrogatories are deemed to be served the day the plaintiff is joined, with initial disclosures, responses and productions due within 60 days thereafter.

**G.  Depositions**

**1.  Liability Fact Witnesses**

a.    With respect to liability, Plaintiffs are entitled to take 40 fact depositions from the U.S., 20 fact witnesses from PSA Airlines, and 10 fact witnesses from American Airlines.

b.    Each defendant is entitled to take 30 fact witness depositions concerning liability.

### 2. Damages Fact Witnesses

The Defendants may collectively take 20 fact witness depositions concerning damages for each individual deceased passenger unless more fact witnesses are disclosed in the Rule 26(a)(1) initial disclosures related to that decedent.

### H. Notice of Intent to Attend a Deposition

For counsel to plan for adequate deposition space, counsel who intends to attend a deposition noticed in this action in person should advise the party that is hosting the deposition not fewer than five (5) business days prior to the deposition, whenever possible. Plaintiffs' liaison counsel Vincent Lesch is designated as the person to receive these notices for Plaintiffs. All parties shall try to prevent unnecessary attendance; those attorneys not participating in the deposition will be encouraged to appear via video or telephone conference.

Except as to the United States, in-person attendance at fact depositions will be limited to (i) one questioning attorney on behalf of each Defendant; (ii) two questioning attorneys on behalf of the PSC; (iii) one attorney defending the witness; and (iv) one attorney representing the pilots. Each Defendant and the PSC may designate up to two additional attorneys and one paralegal or legal assistant to attend each deposition in person. No other attendees at depositions will be permitted absent consent of the Discovery Committee.

### I. Scheduling

The Discovery Committee shall consult in advance to schedule depositions at mutually convenient times and locations. If the parties agree that same day, multi-tracking of depositions is necessary, the parties shall meet and confer, through the Discovery Committee, on the establishment of a reasonable schedule for the multi-tracking of depositions. To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, or the scheduling of

depositions generally, the parties will present the dispute to the Court for resolution in accordance with the Court's procedure set forth at ECF No. 8 at 8, ¶ 10.  Any party seeking to take a deposition of a certified professional controller currently employed by the FAA shall consult with counsel for the United States 60 days in advance regarding scheduling such a deposition.

### J.   Identification of Corporate Witness Designees

Upon notice of a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and no later than 14 days prior to the deposition, the producing party must identify the individual(s) designated to appear at the deposition for testimony and the topic(s) for which the individual is designated.  Notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) must be issued at least 30 days before the noticed date of deposition.

### K.  Conduct of Depositions

#### 1.  Examination

(i) Once a notice of deposition or subpoena has been issued to a witness, any party may question that witness without the need to serve a cross-notice regarding the witness's deposition.  The parties will, through the Discovery Committee, meet and confer as to the allocation of time for questioning at each deposition.  Each witness will presumptively be made available for up to seven (7) hours of examination, to be divided between the parties who desire to question that witness.  If the witness requires a translator, the witness will presumptively be made available for additional time.

(ii) Upon notice of a deposition, and no later than 14 days prior to the deposition, a party may request a stipulation for an extension of time for any given witness with a brief explanation of the reasons an extension is warranted.  If the parties and

witness do not agree to an extension of time, the matter will be submitted to the Discovery Committee for resolution in the first instance and only may seek a court order to extend the examination by showing good cause in accordance with Fed. R. Civ. P. 30(d)(1) and in accordance with Court's procedure set forth at ECF No. 8 at 8, ⁋ 10. Notwithstanding the foregoing, counsel may, at the deposition, seek an agreement to extend the deposition or may move for additional time upon good cause shown. If the deposition extends to a second day, the deposition will re-convene at a mutually agreed upon time the following day at the same location for the remainder of the deposition.

(iii) The time limits set forth above shall be the actual time spent on the record. All examiners will strive to avoid duplicative questioning.

(iv) Not every witness may require the time allocated above. To the extent the parties can anticipate that a deposition will not require the full, allotted time, for planning purposes, they will attempt to notify each other and agree on lesser time limits.

**2. Locations of Depositions**

The Discovery Committee will identify a mutually agreeable location for all depositions, which shall be the location for all depositions unless a witness makes a request for a location more convenient to that witness, which request will be reasonably agreed to subject to agreement by the Discovery Committee.

**3. Objections and Directions Not to Answer**

(i)    Counsel shall comply with the applicable provisions of the Federal Rules of Civil Procedure. For the sake of clarity, all objections except those to form and privilege are reserved

until trial or other use of the depositions, and counsel is prohibited from making speaking objections or making any statements that may suggest an answer to a witness.

(ii)    When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Unless otherwise specified by one of the Defendants, an objection by a single Defendant shall be deemed an objection by all Defendants; similarly, an objection by a single plaintiff shall be deemed an objection by all Plaintiffs unless otherwise noted. However, unless otherwise specified, an instruction not to answer by one Defendant should not be deemed an instruction not to answer by the other Defendant.

(iii)    Corrections to a deposition transcript shall be listed on an errata sheet, which the deponent shall submit to the court reporter within thirty (30) days of the deponent's, or his or her counsel's receipt of the final transcript. The court reporter shall serve copies of the errata sheet on all parties purchasing the transcript.

(iv)    Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. As needed, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to cure the perceived deficiency.

(v)    Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, classified information, information that the court has ordered may not be discovered, information that is Confidential or Export Controlled in the presence of a person not entitled to

disclosure of that information, or a party or deponent seeks to move to terminate or limit the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent.

(vi)    Private consultations between deponents and their attorneys during the taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted or to address an issue regarding confidentiality.  Witnesses may not consult with counsel as to the substance of their testimony while a deposition is proceeding—including during any adjournment or continuation of depositions.

### 4.  Remote Depositions[11]

If requested by a party, video conferencing and online document sharing shall be provided at each deposition, provided the court reporting service is notified 14 days prior to the deposition, with the cost to be borne by the party or parties requesting video conferencing and online document sharing.  Depositions may be taken or viewed by video conferencing.  Documents may be shown to the witness and other attorneys using online document sharing.  If an attorney chooses to take a deposition remotely, prior to the start of the deposition, they shall provide a link to the documents they intend to use during the deposition.  An attorney may also choose to use online document sharing during a non-remote deposition.  The provisions requiring or allowing a party to utilize online document sharing are subordinate to the provisions of the Protective Order entered in this case, and online document sharing may not be used to distribute "Export Controlled Materials," as defined in the Protective Order, unless the party distributing the material confirms that the use of the online document sharing platform complies with all applicable statutes or regulations.  The

---

[11] The Discovery Committee may modify the Remote Deposition procedures, or other deposition procedures, if necessary.

court reporter will bring a tablet or laptop to each deposition for the witness to view documents during the deposition, with each attorney responsible for bringing their own laptop or tablet.  To mark exhibits remotely during the deposition the attorney will read the file name, including Bates Number, of the exhibit on the record.

### 5.  Documents Used in Connection with Depositions

#### (i)  Production of Documents.

##### *(1) Custodial File Production.*

The parties will produce documents in accordance with the ESI Protocol ordered by the Court.  At least seven (7) days prior to the deposition of any person currently or formerly employed by one of the defendants, the parties will discuss whether said defendant has substantially completed production of documents from that witness's custodial files which are responsive to requests for production of documents and relevant to the litigation. To the extent that a party chooses to proceed with a deposition prior to the completion of production of documents from the deponent's custodial files, that party will not seek a second deposition of that deponent based on the later production of documents from the deponent's custodial file; however, in the event a party fails to timely produce evidence based upon an incorrect assertion of a privilege, the aggrieved party may seek a court order to pursue the appropriate relief, which may include a court ordered follow-up deposition of the same witness previously deposed.

#### (ii) Copies.

If paper exhibits are used during depositions, every party will be responsible for ensuring that they bring a sufficient number of copies of any documents they intend to question the witness about for all attendees at a deposition.

**6. Objections to Documents.**

Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court.

**7. Video Depositions**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally recorded video, subject to the following rules:

(i)     All depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

(ii)     The operator(s) of the video recording equipment shall be subject to the provisions of local rules of the Federal District Court of the District of Columbia.  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(iii)     The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examinations resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the- record" discussions, mechanical failure, or otherwise.

(iv)     Each witness, attorney, and other person attending the deposition (whether in-person or by remote means) shall be identified on the record at the commencement of the deposition.

(v)     Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background

with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent.  Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.  The witness may appear in their ordinary business attire and without objects such as a bible, medical equipment, or other props, except that the witness may use appropriate means to demonstrate their testimony, if necessary.

(vi)    Copies of the video shall be made available to counsel upon request.

(vii)    The operator shall preserve custody of the original video medium (tape, DVD, or digital file) in its original condition until further order of the Court. No part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

## ELECTRONIC DISCOVERY PROTOCOL

The agreed ESI Protocol is attached hereto as Exhibit B.

## CUSTODIANS AND SEARCH TERMS

Pursuant to the Court's order, the parties have identified a first set of document custodians and the Plaintiffs have identified search terms based on the present state of discovery.  The parties have agreed to meet after Plaintiffs document requests are served to further refine the custodians and search terms.

Respectfully submitted,

**PLAINTIFFS**                                    **DEFENDANTS**
KREINDLER & KREINDLER LLP          HOLLAND & KNIGHT LLP

By:___/s/ Vincent C. Lesch_____     By:___/s/ William F. Gould_____
    Brian J. Alexander                              William F. Gould
    (Bar ID: NY0679)                             (D.C. Bar #428468)

Justin T. Green
(applicant *pro hac vice*)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(applicant *pro hac vice*)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(admission pending)
Erin R. Applebaum
(Applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

CLIFFORD LAW OFFICES, P.C.
    Robert A. Clifford
    (Bar ID: IL0135)
    Kevin P. Durkin
    (Bar ID: IL0136)
    Tracy Brammeier
    (Bar ID: IL0137)
    John V. Kalantzis
    (applicant *pro hac vice*)
    120 N. LaSalle Street Suite 3600
    Chicago, Illinois 60602
    (312) 899-9090
    rac@cliffordlaw.com
    kpd@cliffordlaw.com
    tab@cliffordlaw.com
    jvk@cliffordlaw.com

SPEISER KRAUSE, P.C.
    Douglas A. Latto
    (Bar ID: NY0672)
    Kenneth P. Nolan
    (applicant *pro hac vice*)
    Jeanne M. O'Grady

800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Tel. (202) 955-3000
william.gould@hklaw.com

*Attorneys for Defendants*
*American Airlines, Inc., and*
*PSA Airlines, Inc.*

U.S. DEPARTMENT OF JUSTICE

By:    */s/ Debra D. Fowler*
    Debra D. Fowler
    (VA Bar 30574)
    Senior Aviation Counsel
    Civil Division, Torts Branch
    Aviation, Space & Admiralty
    P.O. Box 14271
    Washington, DC 20044-1471
    Tel: (202) 616-4025
    Email: debra.fowler@usdoj.gov

*Attorneys for Defendant*
*United States of America*

18

(admission pending)
Frank H. Granito, III
(applicant *pro hac vice*)
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
(914) 220-5333
dal@speiserkrause.com
f3g@speiserkrause.com
jog@speiserkrause.com
kpn@speiserkrause.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of November 2025, the foregoing document was

served by electronic filing on all counsel of record through the Court's ECF system.


/s/ Vincent C. Lesch
Vincent C. Lesch

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A. | Proposed Consolidation Order and Short Form Complaint Template |
| B. | ESI Protocol |
| C. | Proposed Scheduling Order |