# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025<br><br>This Filing Relates to:<br>*All Cases* | Lead Case No:   1:25-cv-03382-ACR<br><br>**[PROPOSED] CONSOLIDATION ORDER** |

As contemplated in the Court's Case Management and Scheduling Order entered on October 14, 2025 (ECF Doc. 13), the Court orders the following on further consolidation and the procedure for filing additional cases related to this consolidated matter:

1. Any additional cases related to the fatal mid-air collision in Washington, D.C., on January 29, 2025, filed in this court shall be filed by short form complaint referencing and/or adopting the Master Complaint filed in this lead case dated October 28, 2025 (ECF Doc. 28), and any amendments thereto.

2. Additional short form complaints will be filed as new cases in the normal course, with a Civil Cover Sheet that identifies the case as related to this lead case.

3. The Court directs the Clerk of Court to automatically consolidate cases filed via short form complaint with this lead case.

4. Once a case is consolidated with this lead case by the Clerk of Court, all pleadings shall be filed ONLY in this lead case, unless the particular filing relates exclusively to an individual case (e.g., affidavits or proof of service).  Parties are advised NOT to elect the "spread text" option when filing in the ECF to avoid repetitive docketing.

1

2

5. Defendants will only be required to respond to the Master Complaint and any Notice of Adoption or Short Form Complaint.

Dated: November __, 2025

                                                ANA C. REYES
                                                United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | |
| [CLIENT NAME], Individually and as Personal Representative of the Estate of [DECEDENT'S NAME], deceased,<br>　　　　　　Plaintiff,<br><br>　　　　　　-v.-<br><br>AMERICAN AIRLINES INC.<br>1 Skyview Dr.<br>Fort Worth, TX 76155<br><br>PSA AIRLINES, INC.<br>1 Terminal Dr.<br>Middletown, PA 17057<br><br>UNITED STATES OF AMERICA,<br>Pamela Bondi, in her official capacity as U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530-0001<br><br>　　　　　　Defendants. | Lead Case No: 1:25-cv-03382-ACR<br><br>**[SHORT FORM COMPLAINT OR NOTICE OF ADOPTION OF MASTER COMPLAINT]** |

　　　　Plaintiff [CLIENT NAME], Individually and as Personal Representative of the Estate of [DECEDENT'S NAME], deceased, respectfully allege as follows:

　　　　1.　　Plaintiff refers and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN

1

WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein.  Plaintiff here adopts the Master Complaint and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiff adopt each of the general allegations of the Master Complaint except for those paragraph numbers set for here, if any: [INSERT ANY INAPPLICABLE ¶ #S HERE OR N/A].

## CLAIMS AGAINST DEFENDANTS

3. Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒ AMERICAN AIRLINES, INC.

☒ PSA AIRLINES, INC.

☒ UNITED STATES OF AMERICA

4. Plaintiffs incorporate by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

☒ First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Second Cause of Action for Survival Based Upon Common Carrier Duty

☒ Third Cause of Action for Wrongful Death Based Upon Negligence

☒ Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☒ Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒ Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒ Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒ Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒ Tenth Cause of Action for Survival Based Upon Negligence

## PLAINTIFF'S INFORMATION:

5. Decedent, [NAME OF DECEDENT], is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6. [DECEDENT'S NAME] resided in [STATE].

7. Plaintiff [CLIENT NAME] is a citizen and resident of [STATE] and was the lawful [RELATIONSHIP TO DECEDENT] of [DECEDENT'S NAME], deceased, at the time of [his/her] death.

8. Plaintiff [CLIENT NAME] brings this lawsuit individually on [his/her] own behalf and as [REPRESENTATIVE CAPACITY].

9. On or about [DATE], the [PROBATE COURT] issued an order appointing [CLIENT NAME] [REPRESENTATIVE CAPACITY]. Therefore, [she/he] has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of [DECEDENT'S NAME] and brings this lawsuit in [his/her] representative capacity.

## PLAINTIFF'S ADMINISTRTIVE CLAIM

10. On or about [FORM 95 SUBMISSION DATE], Plaintiff [CLIENT NAME], on behalf of [herself/himself] and the Estate of [DECEDENT'S NAME], deceased, served [his/her] initial administrative claims upon the FAA.

3

11. On or about [FORM 95 SUBMISSION DATE], Plaintiff [CLIENT NAME], on behalf of [herself/himself] and the Estate of [DECEDENT'S NAME], deceased, served [his/her] initial administrative claims upon the United States Army ("Army").

12. The USA:

☐ did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☐ the FAA denied Plaintiff's claims on [DATE OF DENIAL] on behalf of both the FAA and United States Army ("Army").

## **PLAINTIFF'S DAMAGES**

13. Plaintiff requests all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused his/her death;

☒ the loss of the gross earning power of the DECEDENT;

☒ the loss of the full value of the life of the DECEDENT;

☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;

☒ the loss of financial support and contribution of the DECEDENT;

☒ loss of services;

☒ loss of inheritance;

☒ loss of accumulations;

☒ full pecuniary loss of the DECEDENT;

☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;

☒ loss of life's pleasures;

☒ loss of enjoyment of life of the DECEDENT;

☒ mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;

☒ other necessary and reasonable expenses as a result of the DECEDENT's death;

☒ attorneys' fees, costs and other damages permitted under applicable laws;

☒ pre- and post-judgment interest on all damages as allowed by law;

☒ all costs of suit herein;

☒ such other and further relief as the Court shall deem just and proper;

☒ Other (specify):

**ADDITIONAL ALLEGATIONS, IF ANY**

14. (Specify)

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: