UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | LEAD CASE NO. 1:25-CV-03382-ACR |
| This Filing Relates to: *All Cases* | STIPULATION AND [PROPOSED] RULE 502(d) ORDER |

IT IS HEREBY STIPULATED AND AGREED by and among the parties in the above-captioned action and all consolidated actions through the undersigned counsel, as follows:

1. This Stipulation and Order (hereinafter, "Order") is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

2. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. Nothing contained herein is intended to or shall serve (a) to limit a party's right to conduct a review of documents or ESI, including metadata, prior to production for relevance, responsiveness, and/or privilege and to withhold documents and ESI from production on the grounds of the attorney-client privilege, work product doctrine or other immunities, or (b) to require a party to conduct such a review.

4. Nothing contained herein is intended to extend protection to documents and information for which any applicable privilege or protection has been waived by means other than production or disclosure in the Actions.

5. Any party or counsel receiving Privileged Material that has been produced (whether inadvertently or otherwise) shall, upon request of the producing party or the producing party's counsel, promptly return all copies of such material in his, her or its possession, delete any versions thereof on any database the party receiving the Privileged Material maintains, and make no use of such material; *provided*, *however*, that the party or counsel returning such material shall have the right to apply to the Court for an order that such material was not protected (prior to the disclosure) by any privilege or doctrine. The failure of a producing party to demand the return of Privileged Material that has been produced shall not constitute a waiver of, or otherwise vitiate, any privilege or protection applicable to such Privileged Material or any of the producing party's rights under this Order.

6. The provisions of Federal Rule of Evidence 502(b) do not apply.

7. This Order may be executed by facsimile or by electronic Portable Document Format ("PDF"). A facsimile or electronic signature shall be deemed an original signature for purposes of this Order.

8. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

Dated:

_____

Hon. Ana C. Reyes, United States District Judge