# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | LEAD CASE NO. 1:25-CV-03382-ACR |
| This Filing Relates to: *All Cases* | |

**AMERICAN AIRLINES INC.'S RULE 26(A)(1) INITIAL DISCLOSURES**

American Airlines, Inc. ("American") makes the following Rule 26(A)(1) disclosures as follows:

## I. <u>Introductory Statement</u>

American states that it did not operate Flight 5342 and therefore, the majority of claims contained in the Master Complaint against American – state law claims preempted by federal law – are irrelevant to American's very limited role of scheduling Flight 5342 and as the ticketing carrier. All claims, including those concerning American's very limited role, are the subject of a dispositive motion to dismiss filed on December 17, 2025. With that caveat, and the fact that the NTSB's investigation is still ongoing, the following disclosures are based on information reasonably available to American as of this date. By making these disclosures, American does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, nor does it waive any right to object to the production of any document or tangible thing on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection. Rather, American has made a good faith effort to identify information reasonably subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(1).

These disclosures are made without in any way waiving: (1) the right to object to the use or admissibility of information provided herein on the grounds of competency, privilege, relevancy

and materiality, hearsay, or any other proper ground; (2) the right to object to the use or admissibility of any such information for any purpose, in whole or in part, at any subsequent stage or proceeding in this or any other action; (3) the right to object on any and all grounds, at any time, to any other discovery request, involving or related to the subject matter of these disclosures; and (4) the right to update these disclosures upon a decision on American's pending motion to dismiss.

## II. Disclosures

### A. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects to that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

As to the individuals with discoverable information to support American's defense as to claims against it as the ticketing carrier, American provides:

1. George Stahle, Managing Director, Regional Planning, who may be contacted through American's counsel of record. Mr. Stahle may possess information regarding American's scheduling of flights arriving at or departing from DCA..

2. James Gargas, Global Network Scheduling, Airport Access, Charts Publications, who may be contacted through American's counsel of record. Mr. Gargas may possess information regarding American's scheduling of flights arriving at or departing from DCA, the management of airport slots, and communications with the FAA and ATC regarding scheduling.

3. An individual to be identified with discoverable information regarding the corporate and contractual relationships between American and its regional carriers.

4. Alan Clay, Director of Flight Operations Support, who may be contacted through AA's counsel of record. Mr. Clay may possess discoverable information regarding AA's process for creating, managing, and archiving its Operations Specifications, and the procedures for drafting, revising, and securing FAA approval of the Operations Specifications as well as the