IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025<br><br>This Filing Relates to:<br>*All Cases* | Lead Case No: 1:25-cv-03382-ACR<br><br>**UNITED STATES' RESPONSE TO THE MOTIONS OF AMERICAN AIRLINES, INC. AND PSA AIRLINES TO DISMISS THE MASTER COMPLAINT [Dkt. Nos. 51, 52]** |

INTRODUCTION

The United States submits this limited response to the motions to dismiss filed by American Airlines (Dkt. No. 51) and PSA Airlines (Dkt. No. 52) to the extent they implicate the United States' interests as a sovereign and as a litigant. While the motions ask to dismiss claims by Plaintiffs against the Airlines, the United States, as an alleged joint tortfeasor, is directly affected by the standard of care applied to its co-defendants. Further, as the sovereign, the United States has an interest in the proper application of preemption, which is grounded in the Supremacy Clause.

The United States will address the following two points. First, the United States agrees with the Airlines' first argument (Dkt. No. 51-1 at 39–41; Dkt. No. 52-1 at 24–25) that the Airline Deregulation Act of 1978 (ADA) expressly preempts Plaintiffs' claims regarding the scheduling of flights into Ronald Reagan Washington National Airport (DCA). Second, the United States also agrees that it would be untenable for 50 states to impose their own rules on national and international airlines. Federal standards of care will often preempt state-law standards in areas pervasively regulated by the FAA, and that principle renders at least some of Plaintiffs' claims here not legally viable. Having said that, as to certain of Plaintiffs' claims, the

federal and state-law standards of care are identical, making the preemption inquiry unnecessary at this juncture.[1]

ARGUMENT

1.      The ADA Preempts Plaintiffs' Overscheduling Claims.

In the ADA, Congress included a "broad" express preemption clause that prohibits states from enforcing any "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ."  49 U.S.C. § 41713(b); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (holding the ADA's preemption clause is "broad").  An allegation is preempted under this clause if (1) it amounts to the enforcement of a law, regulation or other provision having the force and effect of law; and (2) it expressly references an air carrier's prices, route, or services or has a forbidden significant impact on the same.  *See Morales*, 504 U.S. at 383–84, 388–90.  Here, to the extent Plaintiffs' claims are based on the allegation that too many flights were landing at DCA in a given period, they are expressly preempted by the ADA.

For the first element, the Court looks to whether a plaintiff brings a claim pursuant to a "law, regulation, or other provision having the force and effect of law."  Plaintiffs bring common law claims here, and the Supreme Court has held the phrase "other provision having the force and effect of law" includes "common-law claims."  *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 284

---

[1] The Airlines make two other arguments, which the United States will address briefly. First, the Airlines argue (Dkt. No. 51-1 at 45–47; Dkt. No. 52-1 at 25) that the common carrier cause of action must be dismissed because common carrier liability is not a stand-alone cause of action.  The United States agrees that the common carrier cause of action should be dismissed, because, as we note in the text, *see infra* at 4-6, the reasonable care standard applies here and not the common carrier standard.  Second, American Airlines argues (Dkt. No. 51-1 at 41–45) that Plaintiffs' claims should be dismissed because they fail to allege that American Airlines owed a legal duty to them based on the corporate structure of the holding company that owns both Airlines.  The United States takes no position on that point.

(2014). The first element is satisfied. For the second element, the Court examines the connection between Plaintiffs' claims and airline prices, routes, or services. Plaintiffs' overscheduling claims rest on an allegation that the Airlines were "deliberately scheduling more flight arrivals . . . ." *See, e.g.*, Pls.' Compl., ¶¶ 208(h), 236(p), Dkt. No. 28. Such an assertion relates to the "services" provided by the Airlines.

The Circuits have developed different definitions of "services," with the Ninth Circuit adopting the narrower reading and the Fifth Circuit adopting the broader reading. *Compare Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1265–66 (9th Cir. 1998) (en banc) (defining "services" as "such things as the frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided"), *with Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (en banc) (defining services as the "bargained-for or anticipated provision of labor from one party to another"). The Court need not decide where along that continuum the answer lies because "deliberately scheduling more flight arrivals" falls into even the narrower Ninth Circuit definition. Accordingly, Plaintiffs' overscheduling claims satisfy the second element, and Plaintiffs' claims are "related to," at a minimum, the services provided by the Airlines. As such, the following claims are preempted and should be dismissed: Pls.' Compl., ¶¶ 194(n), 201(n), 208(n), 215(n), 222(p), 229(p), 236(p), 243(p), Dkt. No. 28 (the overscheduling claims).

2. The Federal Aviation Regulations and the Standard of Care.

The United States also agrees with the Airlines that the aviation safety regulations are uniquely suited to promote national aviation standardization and thus have a general and practical preemptive effect. Regulatory standardization across the country prevents the obvious problems that would arise if the 50 states and the FAA attempted to regulate air safety at the

same time. *See French v. Pan Am Exp., Inc.*, 869 F.2d 1, 6 (1st Cir. 1989) ("[A] patchwork of state laws in this airspace, some in conflict with each other, would create a crazyquilt effect."). Multiple sovereigns cannot mandate potentially conflicting rules about, for example, airspace management or pilot licensing. The aviation industry thus has unique interests in federal uniformity, and preemption vindicates those important interests.

In light of this need for uniformity, the Federal Aviation Act of 1958, as amended and recodified, gives the FAA comprehensive responsibility over the safety of air travel. *See, e.g.*, 49 U.S.C. §§ 40103(b), 44701. Pursuant to this authority, the FAA has issued comprehensive regulations that cover a wide variety of aspects of aviation safety. *See* 14 C.F.R. Parts 1–147, 170–71. Among other things, the regulations govern: (1) the design, manufacturing, maintenance, and alteration of aircraft and aircraft parts; (2) the certification and conduct of pilots; (3) the use of the airspace (including through air traffic control requirements); and (4) aircraft operations.

The principle of federal uniformity has teeth here. For example, to the extent Plaintiffs allege improper lighting on the accident aircraft (Pls.' Compl., ¶ 222(q), Dkt. No. 28) and seek to apply a standard other than the applicable Federal Aviation Regulations that govern the specific exterior lighting configuration on a type of airliner, *see, e.g.*, 14 C.F.R. §§ 25.1383–25.1403, that claim is preempted.

Having said that, Plaintiffs press certain claims where the applicable federal standard does not differ from the state-law standard. Specifically, the Code of Federal Regulations states that a person cannot operate an aircraft for purposes of air navigation in a careless or reckless manner. 14 C.F.R. § 91.13(a). This standard is one of "reasonable care," just like the common law standard. The same standard would apply under D.C. law, which will likely govern the

liability aspects of this case.² After all, the place where the injury and much of the alleged negligence occurred presumptively has the greatest interest in applying its law. *See Dominion Caisson Corp. v. Clark*, 614 A.2d 529, 533 (D.C. 1992) (quoting the Restatement (Second) of Conflict of Laws § 146 comment d (1971), "the state where the defendant's conduct occurs has the dominant interest in regulating it and in determining whether it is tortious in character"); *see also Biscoe v. Arlington Cnty.*, 738 F.2d 1352, 1354–55, 1360, 1363 (D.C. Cir. 1984) (in a case analyzed under D.C.'s choice of law rules, applying D.C.'s standard of care to a tort action arising from a high-speed chase that began in Virginia and ended in D.C.). And the standard of care in D.C. is "reasonable care." *Sebastian v. Dist. of Columbia*, 636 A.2d 958, 962 (D.C. 1994) ("This court, however, has never imposed a higher duty on common carriers . . . the care required is always reasonable care.") (internal quotes omitted).

Section 91.13(a) has independent substantive content separate from other federal regulations and is not merely a "derivative" standard with no independent substantive content separate from other federal regulations. Indeed, the federal courts that have found state-law standards of care impliedly preempted have looked to § 91.13(a) as "a general federal standard of care for aircraft operators." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 472 (9th Cir. 2007); *see also Bradshaw v. Am. Airlines, Inc.*, 123 F.4th 1168, 1176, 1178 (10th Cir. 2024); *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1327 (10th Cir. 2010) (calling § 91.13(a) "the general standard

---

² Cases against the Airlines are governed by *Klaxon*, under which the Court will apply the choice of law rules of the forum. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). In contrast, cases against the United States are governed by the choice of law rules of the place where the acts or omissions occurred. *See* 28 U.S.C. § 1346(b)(1); *Richards v. United States*, 369 U.S. 1, 11 (1962). This distinction is of no moment for the standard of care issue, however, because alleged negligent acts or omissions by the government occurred in D.C. (same choice of law rules as to the Airlines) and in Virginia, which applies the lex loci delicti rule, such that D.C. (the site of the crash) law would apply. *See Dreher v. Budget Rent-A-Car Sys., Inc.*, 634 S.E.2d 324, 326–27 (Va. 2006).

5

of care for operating an aircraft"). And that approach is consistent with decisions made in the regulatory enforcement context. There, a violation of § 91.13(a) can be brought against persons as a stand-alone charge. For example, the NTSB, serving as the appellate authority for FAA enforcement actions, affirmed an order suspending the certificate of a pilot who landed without lowering his landing gear, on the sole basis that landing with the gear retracted was careless in violation of 14 C.F.R. § 91.13(a). *Administrator v. Lorenz*, NTSB Order No. EA-5205, 2006 WL 208383, at *1 (N.T.S.B. Jan. 23, 2006).[3]

The D.C. Circuit recognized the equivalence of these standards in a case arising from a helicopter crash in the Potomac River. *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 558–59 (D.C. Cir. 1993). The circuit court ruled that § 91.13(a) was too general to be the subject of a negligence *per se* instruction under D.C. law because the regulation lacked the type of "specific guidelines" required to give an instruction on negligence *per se*. *Id*. at 558. But to reach that holding, the court ruled that, "in the present case," § 91.13(a) "simply restates the general common law duty that pilots should exercise reasonable care (i.e., they may not be 'careless')." *Id*. Thus 14 C.F.R. § 91.13(a) restates the general common law duty of reasonable care, the same standard that applies under D.C. law.[4]

In short, state-law standards of care are preempted by federal law to the extent that Plaintiffs challenge the Airlines' conduct on matters that are pervasively regulated by the FAA.

---

[3] *See also Acting Administrator v. Aikins*, NTSB Order No. EA-6008, 2025 WL 2248234, at *26 (N.T.S.B. June 30, 2025) ("The Administrator charged respondents with both residual *and independent* violations of 14 C.F.R. § 91.13(a) . . . . The Board also agrees with the law judge's decision to affirm the independent violation of § 91.13(a).") (emphasis added).

[4] Even if *Joy* were somehow inapplicable, the standard would be the same because either careless *or* reckless piloting would violate § 91.13(a). *See Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 87 (2018) (holding the use of "or" is disjunctive unless context demands otherwise). By definition, careless means "not exercising reasonable care." Black's Law Dictionary (12th ed. 2024).

6

But, with respect to the allegations about operating an aircraft for the purposes of air navigation, the federal and state standards of care are equivalent. The precise reach of preemption as applied to this case is beyond the scope of this submission and may in some respects require factual development and revisiting at a later stage of the case. *See, e.g.*, *Bradshaw*, 123 F.4th at 1170 (affirming District Court's finding of preemption at the summary judgment stage). But there is no question that federal regulation and federal standards of care loom large in the field of aviation safety, and that Plaintiffs overreach in seeking to impose liability on the Airlines for actions that are expressly preempted or impose a state standard of care when impliedly preempted by federal law.

//

//

//

//

//

//

//

//

//

//

//

//

//

| | |
|---|---|
| January 16, 2026 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>*Assistant Attorney General*<br>*Civil Division* |
| | JONATHAN D. GUYNN<br>*Deputy Assistant Attorney General*<br>*Torts Branch* |
| |  /s/ Gavin Hallisey<br>DEBRA D. FOWLER<br>*Senior Aviation Counsel*<br>BRADLEY J. PREAMBLE<br>*Senior Aviation Counsel*<br>   (D.C. Bar No. 493969)<br>GAVIN HALLISEY<br>*Trial Attorney*<br>   (D.C. Bar No. 90029052)<br>U.S. Department of Justice<br>Civil Division, Torts Branch<br>Aviation, Space & Admiralty<br>P.O. Box 14271<br>Washington, DC 20044-1471<br>Tel. (202) 616-4019<br>Fax (202) 616-4002<br>Emails:  debra.fowler@usdoj.gov<br>              bradley.j.preamble@usdoj.gov<br>              gavin.hallisey@usdoj.gov |
| |  *Attorneys for Defendant*<br>*United States of America* |