### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025<br><br>Plaintiffs,<br><br>v.<br><br>American Airlines, Inc., PSA Airlines, Inc., and United States of America,<br><br>Defendants. | Lead Case No. 1:25-cv-03382-ACR |

### DEFENDANT PSA AIRLINES, INC.'S
### MOTION FOR LEAVE TO FILE AMENDED REPLY BRIEF

Pursuant to Local Rule 7, Defendant PSA Airlines, Inc. (PSA) respectfully moves for an order granting leave to file an amended reply brief in support of its motion to dismiss. On January 30, 2026, PSA filed its reply in support of its motion to dismiss the master complaint (Dkt. 73). Three days before, the National Transportation Safety Board (NTSB) held a public meeting to deliberate and adopt its final report concerning the mid-air collision, which has yet to be released. In the final two sentences of a footnote in PSA's reply, PSA noted that, at the hearing, the NTSB had "identified many facts reflecting failures by the United States government" but "not … for the pilots on Flight 5342, who followed every federal instruction." Dkt. 73 at 12 n.4. PSA cited the NTSB's webpage regarding its investigation of this tragic accident.

Plaintiffs and the government object to these two sentences in PSA's reply. They contend that this reference should be struck because 49 U.S.C. § 1154(b) provides that "[n]o part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." Plaintiffs and DOJ have stated that, if PSA does not amend its brief, they will file a motion to strike.

1

PSA disagrees with the Plaintiffs and the government insofar as they contend that Section 1154(b) prohibits the use in a civil action of the underlying evidence analyzed by the NTSB. Moreover, PSA has not relied on or cited to any "report of the Board," because none has been released. 49 U.S.C. § 1154(b); *see* 49 C.F.R. § 835.2 (defining "Board accident report" as "the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ('briefs' of accidents)"). By referencing NTSB's investigation in briefing at the motion to dismiss stage, PSA has not sought to "admit[] into evidence" any "part of a report of the Board." *Id.*

Nonetheless, because PSA does not believe these sentences in its reply are essential to its arguments—and to avoid burdening the Court with an inconsequential dispute—PSA respectfully requests that the Court permit it to file an amended reply brief that strikes the two sentences contained in a footnote to which Plaintiffs and the government object. A proposed filing is attached hereto as Exhibit 1, and a redlined comparison is attached as Exhibit 2.

Pursuant to Local Civil Rule 7(m), counsel conferred with Plaintiffs and the government. They consent to the filing of an amended reply brief.

Dated: February 4, 2026

Respectfully submitted,

/s/ *Paul W. Hughes*

/s/ *Robert J. Burns*

Paul W. Hughes (Bar No. 997235)
Sarah P. Hogarth (Bar No. 1033884)
Mary H. Schnoor (Bar No. 1740370)
Alex C. Boota (Bar No. 90001014)
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com
shogarth@mwe.com
mschnoor@mwe.com
aboota@mwe.com

William F. Gould (Bar No. 428468)
HOLLAND & KNIGHT LLP
800 17th Street, NW
Washington, DC 20006
(202) 955-3000
william.gould@hklaw.com

Steven Raffaele (Bar No. NY0685)
Robert J. Burns (Bar No. NY0682)
Sarah Korapaty (Bar No. NY0684)
Qian (Sheila) Shen (Bar No. NY0693)
HOLLAND & KNIGHT LLP
787 Seventh Avenue
New York, NY 10019

                              (212) 513-3200  
                              steven.raffaele@hklaw.com  
                              robert.burns@hklaw.com  
                              sarah.korapaty@hklaw.com  
                              qian.shen@hklaw.com

*Attorneys for Defendant PSA Airlines, Inc.*