**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025** | Lead Case No: 1:25-cv-03382-ACR |
| | **UNITED STATES' RESPONSE TO THE COURT'S ORDER OF FEBRUARY 9, 2026** |
| This Filing Relates to: *All Cases* | |

The United States submits this response to the Court's Minute Order of February 9, 2026, directing the United States "to file an additional response listing the claims against Defendants American Airlines and PSA Airlines and indicating how the Court should address each at this juncture – i.e., dismiss or do not dismiss."

The United States' position is that all allegations against American Airlines and PSA Airlines ("Airline Defendants") are either preempted or likely preempted (depending on the scope of the allegations), but that factual development is necessary regardless of the applicable standard of care for many of the categories of allegations, as set forth below. Specifically, Plaintiffs plead four counts against American Airlines and four counts against PSA Airlines. Those counts are (1) wrongful death based upon common carrier (Counts I and V); (2) survival based on common carrier (Counts II and VI); (3) wrongful death based on negligence (Counts III and VII); and (4) survival based on negligence (Counts IV and VIII). The United States' position on those eight counts is as follows. First, the United States agrees with the Airline Defendants that the Court should dismiss Counts I, II, V, and VI in their entirety for the reasons previously stated. *See* United States' Resp. 2 n.1, 4-6, Dkt. No. 68; *see also* Compl. ¶¶ 194(a)-(t), 201(a)-(t) (AA); 222(a)-(aa), 229(a)-(aa) (PSA). Second, regarding Counts III, IV, VII, and VIII, the United States agrees with the Airline Defendants that those claims should be dismissed to the extent they are based on

allegations falling with the Airline Deregulation Act of 1978.  *See* United States' Resp. 2-3, Dkt. No. 68; *see also* Compl. ¶¶ 208(n), 215(n) (AA); 236(p), 243(p) (PSA).  Third, the remainder of the allegations in Counts III, IV, VII, and VIII may be divided into seven categories.  The United States' position on whether the Court should dismiss or not dismiss the allegations in those seven categories is as follows:

| Category of allegations | Paragraphs | Dismiss or do not dismiss at this stage |
|---|---|---|
| Allegations that fall under category of cockpit operations. | **PSA** Count VII – 236 (a, b, c, d, e, f, g) Count VIII – 243 (a, b, c, d, e, f, g) | Do not dismiss at the Rule 12(b)(6) stage, because the federal and state standards of care are equivalent. *See* United States' Resp. 4–7, Dkt. No. 68. |
| Allegations that fall under category of negligent training. | **AA** Count III – 208(f, m, o, q) Count IV – 215(f, m, o, q) **PSA** Count VII – 236(m, u, v, x, y) Count VIII – 243(m, u, v, x, y) | Do not dismiss at the Rule 12(b)(6) stage, because the Court and the parties are limited to the allegations that were pled under the standard of Rule 8; while these allegations are likely preempted, the United States sees grounds for developing the record beyond the Rule 12 stage to determine if the allegations survive summary judgment under any applicable standard. |
| Allegations that fall under category of aircraft certification standards (*e.g.*, lighting). | **AA** Count III – 208(i) Count IV – 215(i) **PSA** Count VII – 236(q) Count VIII – 243(q) | Do not dismiss at the Rule 12(b)(6) stage, because the Court and the parties are limited to the allegations that were pled under the standard of Rule 8; while these allegations are preempted, *see* United States' Resp. 4, the United States sees grounds for developing the record beyond the Rule 12 stage for the allegations in this category to determine if the allegations survive summary judgment under the applicable federal standard. |
| Allegations that fall under category of safety risk management. | **AA** Count III – 208(c, p) Count IV – 215(c, p) | Do not dismiss at the Rule 12(b)(6) stage, because the Court and the parties are limited to the allegations that were pled under the standard of Rule 8; while these allegations are likely preempted, the United States sees grounds for developing the record beyond the Rule 12 stage for the allegations in this |

| | **PSA**<br>Count VII –<br>236(j, w)<br>Count VIII –<br>243(j, w) | category to determine if the allegations survive summary judgment under any applicable standard. |
|---|---|---|
| Allegations that fall under in-flight policies and procedures. | **AA**<br>Count III –<br>208(a, b, d, e, g, h)<br>Count IV –<br>215(a, b, d, e, g, h)<br>**PSA**<br>Count VII –<br>236(h, i, k, l, n, o)<br>Count VIII –<br>243(h, i, k, l, n, o) | Do not dismiss at the Rule 12(b)(6) stage, because the Court and the parties are limited to the allegations that were pled under the standard of Rule 8; while these allegations are likely preempted, the United States sees grounds for developing the record beyond the Rule 12 stage to determine if the allegations survive summary judgment under any applicable standard. |
| Allegations that serve as a catch-all. | **AA**<br>Count III –<br>208(j, k, l, r, s, t)<br>Count IV –<br>215(j, k, l, r, s, t)<br>**PSA**<br>Count VII –<br>236(r, s, t, z, aa)<br>Count VIII –<br>243(r, s, t, z, aa) | These catch-all paragraphs are not sufficiently clear for the United States to respond. |
| Allegations relating to American Airlines' corporate oversight role. | **AA**<br>Count III –<br>208(a)-(t)<br>Count IV –<br>215(a)-(t) | These allegations are unrelated to preemption, so the United States takes no position on this category of allegations. |

//

//

//

//

//

//

//

February 24, 2026                                    Respectfully submitted,

                                                     BRETT A. SHUMATE
                                                     *Assistant Attorney General*
                                                     *Civil Division*

                                                     JONATHAN D. GUYNN
                                                     *Deputy Assistant Attorney General*
                                                     *Torts Branch*

                                                      */s/ Gavin Hallisey*
                                                     BRADLEY J. PREAMBLE
                                                     *Senior Aviation Counsel*
                                                         (D.C. Bar No. 493969)
                                                     DEBRA D. FOWLER
                                                     *Senior Aviation Counsel*
                                                     JILL DAHLMANN ROSA
                                                     *Senior Aviation & Admiralty Counsel*
                                                         (D.C. Bar No. 451578)
                                                     GAVIN HALLISEY
                                                     *Trial Attorney*
                                                         (D.C. Bar No. 90029052)
                                                     U.S. Department of Justice
                                                     Civil Division, Torts Branch
                                                     Aviation, Space & Admiralty
                                                     P.O. Box 14271
                                                     Washington, DC 20044-1471
                                                     Tel. (202) 616-4019
                                                     Fax (202) 616-4002
                                                         Emails:
                                                            bradley.j.preamble@usdoj.gov
                                                            debra.fowler@usdoj.gov
                                                            jill.rosa@usdoj.gov
                                                            gavin.hallisey@usdoj.gov

                                                      *Attorneys for Defendant*
                                                     *United States of America*