IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025<br><br>This Filing Relates to:<br><br>*All Cases* | Lead Case No. 1:25-cv-03382-ACR |

**PROTECTIVE ORDER PURSUANT TO
49 U.S.C. § 1154(a)(4)(A) REGARDING THE UNEDITED
COCKPIT VOICE RECORDER AUDIO RECORDING**

On February 6, 2026, Plaintiffs moved for an Order pursuant to 49 U.S.C. § 1154 seeking an *in camera* review and production of the unedited audio recordings of the Cockpit Voice Recorders ("CVR") from the CRJ 700 aircraft operating as flight AE 5342 and the US Army Black Hawk Helicopter designated PAT 25 ("CVR Recording(s)"), which collided near Ronald Reagan Washington National Airport on January 29, 2025.  (Dkt. 88.)

On February 7, 2026 this Court granted in part and deferred in part Plaintiffs' motion and ordered the National Transportation Safety Board ("NTSB") to deliver copies of the entire unedited CVR recordings for both AE 5342 and PAT 25 under seal to this Court to allow the Court to conduct an *in camera* review as required by Section 1154(a)(2)(A) to determine whether the CVR Recording from both the CRJ operating as flight AE 5342 and the US Army Black Hawk Helicopter designated as PAT 25 are discoverable in this litigation.

This Court, having conducted the *in camera* review as required by 49 U.S.C. § 1154(a)(2)(A) and having considered the positions of the parties, issued its oral ruling on February 27, 2026, granting Plaintiffs' motion for production of the CVR Recordings. *See* Feb. 27, 2026,

1

Min. Order. Pursuant to 49 U.S.C. § 1154(a)(4)(A) the Court must issue "an appropriate protective order" prior to releasing either of the CVR audio recordings, which prohibits dissemination of the CVR audio recordings to any person not required access to it for the judicial proceedings in which the recordings are produced.

The parties agree and the Court has determined that the unedited CVR recording from PAT25 shall be produced to the parties. It is therefore **ORDERED AND ADJUDGED** that the unedited CVR recording from PAT25 will be sent by the NTSB to the following counsel for the parties, and treated as "Confidential" under the terms of the Protective Order already entered at Dkt. 26:

    a. Counsel for the Passenger Plaintiffs
       c/o Vincent Lesch
       Liaison Counsel for the Passenger Plaintiffs[1]
       Kreindler & Kreindler LLP
       485 Lexington Avenue, 28th Floor
       New York, NY 10017

    b. Counsel for the Flight Crew Plaintiffs
       Todd A. Smith
       Smith LaCien LLP
       Three First National Plaza
       70 West Madison St
       Suite 2250
       Chicago, IL 60602

    c. Counsel for defendant the United States of America
       c/o Ashley Dempsey
       Senior Trial Counsel
       U.S. Department of Justice
       Civil Division, Torts Branch
       Aviation, Space & Admiralty
       P.O. Box 14271

---

[1] Liaison Counsel for the passenger plaintiffs shall be responsible for disseminating the PAT25 CVR Recordings to all counsel for the passenger plaintiffs pursuant to the terms of the previously entered Protective Order. *See* Dkt. 26.

>    Washington DC, 20044-1471
>
> d. Counsel for defendants PSA Airlines, Inc. and American Airlines, Inc.
>    c/o Sarah Korapaty
>    Holland & Knight LLP
>    787 Seventh Avenue
>    New York, NY 10019

With regard to the CVR Recording from Flight AE 5342, the parties have agreed and the Court finds the below provisions constitute an appropriate protective order as contemplated by Section 1154(a)(2)(A).

The Court being otherwise fully advised, it is **ORDERED AND ADJUDGED** that the NTSB shall produce the media containing the CVR audio recording from Flight AE 5342,[2] in accordance with the following provisions of this Protective Order:

1. The CVR Recording produced, and any copies or excerpts thereof, are to be used only in this judicial proceeding and in accordance with the following provisions. No portion of the CVR Recording may be used for business purposes, other litigation, analytics, benchmarking, or model training.

2. The terms of this Protective Order are not meant to prevent or frustrate analysis of the CVR Recording by the parties or their experts. If the terms of this Order becomes unworkable or unreasonable, then the Discovery Committee may adjust the terms of this Order upon unanimous consent, or otherwise raise any disputes to the Court in accordance with the Discovery Committee procedures set forth at Dkt. 42.

---

[2] The CVR Recording from Flight AE 5342 will hereinafter simply be referred to as "the CVR Recording" in this Order.

**Terms Governing Access by Counsel in This Action to the CVR Recording**

3. The NTSB will provide a copy of the CVR Recording to counsel for Defendants PSA Airlines, Inc. and American Airlines, Inc. at Holland & Knight LLP.

4. Holland & Knight LLP will host the CVR Recording on Relativity or a comparable document review platform ("Review Platform"), and will create unique logins for authorized attorneys, as agreed upon by the Discovery Committee ("Authorized Attorneys")[3]. Separate workspaces will further be created in the Review Platform for each law firm or party's counsel, such that attorney work product is not accessible as between parties.

5. If counsel for the United States cannot utilize Holland & Knight LLP's Review Platform due to government mandated information technology restrictions, then the United States may review the CVR Recording through the Government's Relativity Platform.

6. Only Authorized Attorneys and their experts (discussed below) may listen to or review the CVR Recording.

7. When an Authorized Attorney is listening to or reviewing the CVR Recording, no other person may be in the same room unless they are also an Authorized Attorney. No other recording of the CVR audio is permitted during CVR playback.

8. The CVR Recording may only be played from or reviewed on the Review Platform. The CVR Recording may not be downloaded, copied, distributed, or otherwise shared from the Review Platform.

9. An audit trail will be maintained within the Review Platform. Parties may request

---

[3] The Discovery Committee will maintain a list of Authorized Attorneys, which may be amended to add or remove Authorized Attorneys at the request of any party.

a copy of their own audit trail by contacting Holland & Knight's members on the Discovery Committee. No party may review another party's audit trail unless a party becomes aware of any unauthorized access, use, or disclosure of CVR Material[4]. Any request to review another party's audit trail shall be made to the Discovery Committee and the audit trail will only be made available to another party upon unanimous consent of the Discovery Committee. Disputes about one party's access to another party's audit trail shall be subject to the procedures for resolving discovery disputes as set forth in the Court's Scheduling order at Dkt. 42.

**Terms Governing Access by Experts Engaged in This Action to the CVR Recording**

10. All experts who require a copy of the CVR Recording must execute a copy of the Certification Regarding Receipt and Review of Protective Order Relating to the Unedited Cockpit Voice Recorder Audio Recording from AE 5342 Involved in January 29, 2025 Collision attached hereto as <u>Exhibit 1</u> ("Certification") prior to receiving the CVR Recording. Any person working for or on behalf of an expert that may have access to the CVR Recording must also execute the Certification. Counsel engaging the expert shall maintain all executed Certifications.

11. The parties will request that the NTSB deliver three copies of the CVR Recording on separate USB drives to Benjamin Allen at Holland & Knight, and Holland & Knight will then disseminate one copy each to Vincent Lesch for Plaintiffs and Laine Goodhue for Defendant United States of America. Those representatives may disseminate the CVR Recording to any expert(s) who has completed the Certification. For the avoidance of any doubt, Mr. Lesch and

---

[4] "CVR Material" is defined as copies made of the CVR Recording pursuant to the terms of this CVR Protective Order including, for example, audio that may be enhanced or modified by the expert in any way and transcripts of any portion of the CVR Recording not made publicly available by the NTSB

5

Ms. Goodhue may only download or copy the CVR Recording from the USB drive referenced herein for the purpose of transmitting it to their respective expert(s) according to the technical requirements set out in paragraphs 13-17, below. Authorized Attorneys may not review the CVR Recording except using the Review Platform as described above, or in the course of working with their experts as set forth below.

12. Experts reviewing the CVR Recording are permitted to make additional copies of the CVR Recording only for the purpose of their analysis in this action, and subject to the conditions herein, including the technical prohibitions and requirements set out in Paragraphs 13-17, below.

13. Experts and any Authorized Attorneys receiving expert work product shall store and transmit any CVR Material in an environment that is operated in accordance with at least one of the following standards:

   a) the International Organization for Standardization's 27001 standard;

   b) the National Institute of Standards and Technology's (NIST) 800-53 standard;

   c) the Center for Internet Security's Critical Security Controls; or

   d) the most recently published version of any of the standards set forth in Paragraphs 11(a)-(c) above, or another widely recognized industry or government cybersecurity framework.

For purposes of clarity, CVR Material may be stored and transmitted utilizing commercially available secure file-sharing or collaboration platforms that are operated in accordance with one or more of the standards identified above.

14. When processing CVR Material for purposes of preparing expert work product, CVR Material must be stored on an encrypted drive provided that such media utilizes industry-standard full-disk encryption (such as BitLocker or an equivalent technology) requiring authentication for access and remains within the custody and control of the Expert or Authorized Attorney at all times. The use of an encrypted drive pursuant to this paragraph does not require the Expert or Authorized Attorney to maintain independent ISO certification, provided that the encryption safeguards described herein are implemented.

15. Experts and any Authorized Attorneys receiving expert work product containing CVR Material shall implement multi-factor authentication for any access to CVR Material and implement encryption of all CVR Material in transit outside of the experts' or Authorized Attorneys' networks. The parties recognize that the Government is unable to implement a multi-factor authentication system, and the Government represents that they will use a similar security safeguard for transmitting the CVR Material.

16. If an expert shares an audio file of the CVR Recording with an Authorized Attorney, the Authorized Attorney will keep an audit trail of the date, time, and manner in which the full audio was shared. The receiving Authorized Attorney will not further copy, distribute, or share the full audio file with any other person and will otherwise only listen to the audio in the same manner as if it was on the Review Platform. Any audio file shared pursuant to this paragraph will remain subject to all other protections and confidentiality obligations set forth in this Protective Order.

17. No portion of the CVR Recording may be uploaded to any open-source applications, generative artificial intelligence, or machine learning.

**Provisions Applicable to Anyone Accessing CVR Material**

18. Any transcript made of the CVR Recording that contains content or references to content not part of the CVR transcripts released by the NTSB as part of its Public Docket shall be subject to this Protective Order, except that any exchange of the transcripts between an expert(s) and Authorized Attorney(s), shall be exempted from Paragraphs 13-16 of this Protective Order.

19. If any portion of the CVR Recording are played during a deposition, all video and audio recording during the CVR audio playback will be stopped, except that the videographer and court reporter may record the CVR audio playback on an SD card or other removable media, and all other recording devices except those used by the court reporter and the videographer must be removed from the deposition room. Only the SD card or other removable media will be allowed to record the audio from either CVR, and at the conclusion of the deposition, the SD card or other removable media will be given to the noticing attorney to retain. Neither the court reporter nor the videographer responsible for transcribing and/or recording the deposition shall retain any recording or copy of the CVR Recording.

20. Those portions of any deposition transcript containing references to contents of the CVR Recording that are not a part of the CVR transcripts released by the NTSB shall be treated as and/or marked "CVR CONFIDENTIAL" pursuant to this Protective Order and shall be subject to the copying, disclosure, and handling procedures described herein as if it were CVR Material.

21. The parties agree that if any CVR Material is filed with the Court or used in a judicial proceeding, it shall be filed under seal pursuant to 49 U.S.C. § 1154(a)(4)(B) and applicable law, including the Local Rules of this Court, in order to prevent the use of any part of the CVR Recording for purposes other than for the proceeding. Nevertheless, the parties will

comply with the Court's Standing Order in Civil Cases and any party wishing to file CVR Material in connection with a motion, brief or other submission to the Court will confer with all other parties and provide the results of that conferral process in an unopposed motion to seal, as well as an analysis of the relevant factors in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), warranting sealing.

22. This Court, any designated court personnel, and any designated mediator or judge directly involved in the litigation shall also be permitted access to the CVR Material.

23. No individual who is allowed to access CVR Material shall disclose or comment upon the contents of said CVR Material that are not part of the CVR transcripts previously released by the NTSB, except to other individuals who have been authorized to review the CVR Material.

24. With the exception of designated court personnel (not including any designated mediators), each individual who has access to CVR Material, including Authorized Persons defined above, shall be given a copy of this Protective Order, which the individual shall review prior to accessing any CVR Material. ALL INDIVIDUALS WHO ACCESS CVR MATERIAL, INCLUDING AUTHORIZED ATTORNEYS AND PERSONS, SHALL EXECUTE THE CERTIFICATION ATTACHED AS EXHIBIT 1 TO THIS ORDER CONFIRMING HIS OR HER UNDERSTANDING AND AGREEMENT TO ABIDE BY THE REQUIREMENTS OF THIS PROTECTIVE ORDER. The executed Certifications shall not be subject to disclosure absent a showing of good cause and upon an Order of this Court.

25. At the conclusion of the litigation, any person who received CVR Material shall destroy and/or permanently delete it, execute a declaration under penalty of perjury confirming said destruction/deletion and provide said declaration to counsel for the party that provided them

the CVR Material or arranged for them to be provided CVR Material. The original USB drives received from the NTSB, and the copy uploaded to the Review Platform will also be destroyed and/or permanently deleted. This Court's copies of any CVR Material shall remain part of the record under seal until all litigation and appeals are completed.

26. Any person violating the terms of this Protective Order shall be subject to appropriate sanctions, as may be determined by this Court including but not limited to (i) automatic entry of a permanent injunction barring the further distribution of the CVR Recording and requiring immediate return and/or destruction/deletion of all copies of the CVR Recording; (ii) monetary sanctions; (iii) removal as counsel of record from all consolidated cases in this matter; (iv) referral to the bar of the states in which any attorney who violates this Protective Order is barred for disciplinary action; and/or (v) any other contempt sanction the Court deems appropriate.

February 27, 2026

                                                                          _____
                                                                         HON. ANA C. REYES
                                                                         UNITED STATES DISTRICT COURT

## EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025<br><br>This Filing Relates to:<br><br>*All Cases* | Lead Case No. 1:25-cv-03382-ACR |

## CERTIFICATION REGARDING RECEIPT AND REVIEW OF PROTECTIVE ORDER RELATING TO THE UNEDITED COCKPIT VOICE RECORDER AUDIO RECORDING FROM AE 5342 INVOLVED IN JANUARY 29, 2025 COLLISION

I hereby acknowledge that I have read the terms and conditions of the Protective Order Regarding the Unedited Cockpit Voice Recorder Audio Recordings from the CRJ 700 operating as flight AE 5342 that collided with the US Army Black Hawk Helicopter designated PAT 25 near Ronald Reagan Washington National Airport on January 29, 2025 (hereinafter the "CVR Recording Protective Order") entered by the Court in the above-captioned matter on February __, 2026. I also acknowledge that I understand the terms of the CVR Recording Protective Order and consent to be bound by those terms.

Further, by executing this Certification, I hereby consent to the jurisdiction of the above-captioned Court for the limited purpose of enforcing the terms of the CVR Recording Protective

Order.

      I understand that if I violate the CVR Recording Protective Order, I may be subject to a motion for contempt, or any other remedies available as the Court deems appropriate.

Dated this ___ day of _____, _____.

                                                                                          _____

                                                                                         Name: