## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025** | Lead Case No: 1:25-cv-03382-ACR |
| *This Filing Relates to:* <br><br> *All Cases* | |

### JOINT STATUS REPORT

The Plaintiffs Steering Committee ("PSC"), Defendants American Airlines, Inc. and PSA Airlines, Inc. (hereinafter "the Airline Defendants"), and Defendant United States (hereinafter collectively "the Parties") respectfully submit this Joint Status Report as directed by the Court's Case Management and Scheduling Order (Dkt. 42) and the Court's February 27, 2026, Minute Order.

**Cases Filed:**  As of today's date, there are forty-five (45) pending cases related to the fatal mid-air collision underlying this consolidated lead case.  The Court previously consolidated all cases pending on December 29, 2025 (Dkt. 57), February 3, 2026 (Dkt. 75), and March 6, 2026 (Dkt. 108).  The following cases were filed more recently and are not yet consolidated:

| # | **Caption** | **Case No.** |
|---|---|---|
| 1. | Naumov v. American Airlines, Inc., et al. | 26-cv-00845 |
| 2. | Naumov v. American Airlines, Inc., et al. | 26-cv-00846 |

The Parties respectfully submit that these additional cases may also be consolidated with the lead case.  Attached to this report is a [Proposed] Consolidation Order.

1

**<u>Cases Being Filed in Virginia:</u>**

*Plaintiffs' Statement:*

Plaintiffs are mindful of the discussion at the initial conference that the Court did not anticipate filings outside of the District of Columbia and to date, have avoided filings elsewhere. Due to unique issues related to the potential application of Kansas law to five passenger decedents domiciled in Kansas, however, these cases necessitate that they be filed in Virginia.

Plaintiffs in these five Kansas domiciled cases sought the Airline Defendants' agreement not to seek application of Kansas law and instead agree that DC law would apply only in these cases and only as to certain issues.  The proposed stipulation would not affect choice of law in any other cases.  As to those issues, the basis of Plaintiffs' proposal was that agreeing to D.C. law would result in the same outcome as filing in Virginia because Virginia's choice of law rules would yield the application of D.C. law. Transfer of these cases from Virginia to this Court, as the Court has already made clear is inevitable, also would not change this outcome, because the transferor court's rules "travel" with the cases to the transferee court pursuant to either 28 U.S.C. § 1404 or 28 U.S.C. § 1407.

The Airline Defendants have yet to agree to this proposal, nor to transfer of any Virginia filings, despite Plaintiffs originally raising these issues in November 2025.  Accordingly, Plaintiffs are apprising the Court that they plan to file these cases in the United States District Court for the Eastern District of Virginia in the near future and then move for transfer.

*Airline Defendants' Statement*:

The Airline Defendants have no opposition to the Kansas passengers filing new suits in this Court.  The only "unique issues" in those cases, however, is that the estates apparently seek to

avoid limitations on recoverable damages under Kansas law by filing in Virginia, and then moving to transfer those claims to this Court in an attempt to gerrymander choice-of-law rules.

While Plaintiffs first raised the issue of potentially filing these cases in Virginia and seeking a transfer in November 2025, at that time, Plaintiffs represented that they were further considering how to proceed. It was not until March 2026 that Plaintiffs proposed any stipulation or further discussion on the issue.

The Airline Defendants are not presently prepared to stipulate to any outcome different from what normal application of this forum's choice-of-law principles would yield, and they do not agree this transfer strategy is proper in light of this Court's clearly expressed expectation that suits will be filed and coordinated in this District. If the Kansas plaintiffs proceed with this strategy, the Airline Defendants will determine the appropriate response.

**Discovery:** The Parties continue rolling document productions and exchange of discovery. The Joint Discovery Committee continues to meet weekly. The Parties anticipate damages depositions of Plaintiffs commencing on or about April 13, 2026. The Parties are working together on coordinating these depositions despite the discovery that remains outstanding and Defendants respectfully reserve their rights to recall any of the claimants should discovery reveal a reasonable and good-faith basis to do so.

The Parties are working to schedule liability depositions of Defendants in the near future. The Parties are also arranging inspections of each aircraft's wreckage (i.e., the Black Hawk helicopter operating as PAT25 and the CRJ airplane operating as AE 5342) in Texas (where the wreckage is being stored) and inspections of an exemplar CRJ and Black Hawk with their various experts.

Given the amount of depositions planned in this litigation, and the wide geographic reach, the Parties agree that not all attorneys participating in the deposition process must file a notice of appearance in this litigation.

**Mediation:**

*Plaintiffs' and the United States's Statement:*

Plaintiffs and the United States reserved an initial block of mediation dates with the agreed mediator, Hon. Donald P. O'Connell (ret.), beginning on May 18, 2026, and are working together to determine the issues to be mediated, the mediation protocol, and what specific cases will be mediated on those dates. The Airline Defendants were invited to participate in the mediation process as early as March 13, 2026, and were notified of the dates the mediator had available as soon as the mediator provided them on March 30, 2026.

*Airline Defendants' Statement:*

The Airline Defendants were not invited to participate in discussions about scheduling of these mediations.  The Airline Defendants are awaiting additional details, including but not limited to those identified above, and are considering this new request.

**CVR Production:**  The Parties have received the CVR Audio from both aircraft from the National Transportation Safety Board as directed by the Court's Protective Order (Dkt. 106).

Dated: April 6, 2026

Respectfully submitted,

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| KREINDLER & KREINDLER LLP | HOLLAND & KNIGHT LLP |
| By: */s/ Vincent C. Lesch* | By: */s/ William F. Gould* |
| Brian J. Alexander | William F. Gould |

(Bar ID: NY0679)
Justin T. Green
(Bar ID: NY0692)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(applicant *pro hac vice*)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(Bar ID: NY0674)
Erin R. Applebaum
(Applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

CLIFFORD LAW OFFICE, P.C.
    Robert A. Clifford
    (Bar ID: IL0135)
    Kevin P. Durkin
    (Bar ID: IL0136)
    Tracy Brammeier
    (Bar ID: IL0137)
    John V. Kalantzis
    (applicant *pro hac vice*)
    120 N. LaSalle Street Suite 3600
    Chicago, Illinois 60602
    (312) 899-9090
    rac@cliffordlaw.com
    kpd@cliffordlaw.com
    tab@cliffordlaw.com
    jvk@cliffordlaw.com

SPEISER KRAUSE, P.C.
    Douglas A. Latto
    (Bar ID: NY0672)
    Kenneth P. Nolan
    (applicant *pro hac vice*)

(D.C. Bar #428468)
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Tel. (202) 955-3000
william.gould@hklaw.com

*Attorneys for Defendants*
*American Airlines, Inc., and*
*PSA Airlines, Inc.*

U.S. DEPARTMENT OF JUSTICE

By:    */s/ Bradley J. Preamble*
        Bradley J. Preamble
        Senior Aviation Counsel
        Ashley Dempsey
        Senior Trial Counsel
        Laine Goodhue
        Trial Attorney
        Civil Division, Torts Branch
        Aviation, Space & Admiralty
        P.O. Box 14271
        Washington, DC 20044-1471
        Tel: (202) 616-4025
        Email: bradley.j.preamble@usdoj.gov
        Email: ashley.dempsey@usdoj.gov
        Email: laine.m.goodhue@usdoj.gov

*Attorneys for Defendant*
*United States of America*

Jeanne M. O'Grady
(admission pending)
Frank H. Granito, III
(applicant *pro hac vice*)
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
(914) 220-5333
dal@speiserkrause.com
f3g@speiserkrause.com
jog@speiserkrause.com
kpn@speiserkrause.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of April 2026, the foregoing document was served by electronic filing on all counsel of record through the Court's ECF system.

/s/ Vincent C. Lesch<br>Vincent C. Lesch

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A. | [Proposed] Consolidation Order |