IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025**<br><br>*This Filing Relates to:*<br><br>*All Cases* | Lead Case No: 1:25-cv-03382-ACR |

## JOINT STATUS REPORT

The Plaintiffs Steering Committee ("PSC"), Defendants American Airlines, Inc. and PSA Airlines, Inc. (hereinafter "the Airline Defendants"), and Defendant United States (hereinafter collectively "the Parties") respectfully submit this Joint Status Report as directed by the Court's Case Management and Scheduling Order (Dkt. 42) and the Court's February 27, 2026, Minute Order.

**Trial:**  **Plaintiffs' position:** The Plaintiffs respectfully request a status conference as soon as convenient for the Court to seek the Court's guidance on the timing and conduct of damages trials in this consolidated matter.  In the Discovery Plan previously submitted by the Parties (Dkt. 36), Plaintiffs suggested that trial on all issues proceed April 12, 2027, beginning with liability and including damages in 3-5 bellwether or exemplar cases, with the remaining damages cases tried separately in groups afterwards.  The Airline Defendants and United States proposed that any trial begin with liability, followed by separate damages trials for the remaining cases in a streamlined fashion to be discussed and decided at the close of discovery. (See Dkt. 36 at p. 3, ¶ 13).  When considering these different proposals, the Court previously stated that this is "the kind of dispute that is one that I would expect would require my attention, . . . .  That one's a legitimate dispute to be brought in front of me." (Nov. 12, 2025, Hearing Transcript at 16:22-17:1).  The Plaintiffs

1

respectfully seek additional guidance on this issue, and believe that a status conference is the best mechanism to discuss these issues.[1]  Plaintiffs are prepared to present to the Court in advance of the Status Conference an outline of Plaintiffs' proposal, which will include 3-5 representative bellwether cases and 1-2 sets of additional "back up" cases should the first set of cases be resolved before the April 12, 2027, trial.  Plaintiffs believe that this approach will expeditiously allow for the completion of all liability discovery and damages discovery in those bellwether cases, which would, in turn, allow for the orderly completion of damages discovery in the "non-bellwether" cases.

Plaintiffs provided this request and draft Joint Status Report to the Airline Defendants on July 1, 2026, and asked for edits/comments by the end of the following day (July 2, 2026), or at the latest, by Monday morning, July 6, 2026.  Plaintiffs did not receive any response or acknowledgment of the draft Joint Status Report, let alone an objection to any of the draft's contents, from the Airline Defendants until July 6, 2026, at 4:39 p.m.  As a result, any opportunity to meet and confer before submitting this Report, including at the Discovery Committee meeting held on Monday, July 6th at 10 a.m., was lost.

**United States' position:** The United States does not request a status conference concerning damages trials at this juncture but stands ready to further discuss the issue should the Court find the United States' input helpful.  The United States notes, however, that it met and conferred with airline counsel regarding this JSR on July 2, 2026.

---

[1] Plaintiffs respectfully submit that setting a status conference should not be delayed by further meet and confer, nor briefing on this issue.  The Parties previously met and conferred on this issue before submitting the Rule 26(f) Report and Discovery Plan (Dkt. 36) and further conferral is unlikely to reduce or resolve this fundamental difference of opinion between the Parties.  Still, Plaintiffs will gladly meet and confer on this issue again with Defendants between now and whenever the status conference is set.

**Airline Defendants' position:** The Airline Defendants submit that Plaintiffs' request for a status conference is premature. Plaintiffs are asking for a decision regarding the fundamental structure of the upcoming trial. Plaintiffs distributed their proposal via a draft of this Joint Status Report after the close of business on July 1, on the eve of a holiday weekend. The United States provided its position on the afternoon of July 6. None of the parties have met and conferred about any proposal for the conduct of trial since the parties' submission of the Rule 26(f) report, nor did Plaintiffs request any such meet and confer prior to stating its position in this Joint Status Report. The Airline Defendants requested that this discussion be postponed to give the parties an opportunity to consider Plaintiffs' proposal and meet and confer before imposing this issue on the Court. Plaintiffs refused.

How the trial is conducted—including whether the case proceeds first with a liability phase immediately followed by a damages phase, or whether liability and damages are combined—is an issue of enormous consequence. The parties should meet and confer to determine the extent to which any agreements may be reached and, if a dispute persists, to frame the dispute for appropriate resolution by the Court. If a dispute persists following a meet and confer, the Airline Defendants submit that briefing on this issue will be warranted. Significant caselaw and prior practice bear on whether liability and damages should be bifurcated, and Plaintiffs' assertion that this question should be decided without affording the parties the opportunity to brief the issue is flatly incorrect.

The Airline Defendants respectfully request that the Court direct the parties to meet and confer on this issue. If the parties are able to reach agreement, they should propose a joint stipulation to the Court. If they are unable to reach agreement, the parties should propose a briefing schedule so that the parties' positions may be heard, and to present this issue for adjudication.

**Case Schedule:  Plaintiffs' position:** Whether the Court ultimately adopts the Plaintiffs' bellwether proposal or the Defendants' request to bifurcate trial on liability and damages, the Plaintiffs respectfully request that a new schedule of damages expert discovery and motion deadlines be set for cases not set for the first April 12, 2027 trial date.  The Plaintiffs can promptly confer with Defendants and propose an agreed schedule applicable to damages cases to be tried after April 12, 2027, once the later damages trial dates are set.[2]

Liability and damages discovery in the bellwether cases (should Plaintiffs' proposal be accepted) would be unaffected and proceed pursuant to the current schedule to be ready for trial on April 12, 2027.  The Parties would also continue to advance damages discovery in *all* cases, but Plaintiffs believe the Parties could more efficiently prioritize damages expert discovery and motion practice in the bellwether cases selected to be tried first on April 12, 2027.

**United States' position:** At this time, the United States takes no position on Plaintiffs' request for a new damages discovery schedule for non-Bellwether cases if the court were to adopt Plaintiffs' Bellwether proposal.

**Airline Defendants' position:** As with Plaintiffs' request for a status conference concerning the conduct of trial, this request is also premature.  The Airline Defendants requested that Plaintiffs provide them an opportunity to consider their request to amend the damages discovery schedule before presenting the issue to the Court; Plaintiffs refused.  The Airline Defendants respectfully request that the Court direct the parties to meet and confer to determine if an agreement may be reached among the parties to be presented for the Court's review.

---

[2] Contrary to the Airline Defendants' position that this request is premature and should wait for the Parties to meet and confer, Plaintiffs' request on this issue specifically involves the Parties meeting and conferring on any schedule shifts, pending any guidance from the Court on the Trial issue identified above.

**Cases Filed:**  As of today's date, cases concerning 56 of the 60 passenger decedents from this fatal mid-air collision have been filed.  1 of the 2 flight attendant decedents reached a pre-filing proposed settlement agreement, as reported in the last Joint Status Report (Dkt. 121).  The Court previously consolidated all cases pending on December 29, 2025 (Dkt. 57), February 3, 2026 (Dkt. 75), March 6, 2026 (Dkt. 108), April 7, 2026 (Dkt. 113), May 6, 2026 (Dkt. 122), and June 2, 2026 (Dkt. 129).  The following cases were filed more recently and are not yet consolidated:

| # | Caption | Case No. |
|---|---|---|
| 1. | Han v. American Airlines, Inc., et al. | 26-cv-02010 |
| 2. | Han v. American Airlines, Inc., et al. | 26-cv-02012 |
| 3. | Ter-Karapetyants v. American Airlines, Inc., et al. | 26-cv-02013 |
| 4. | Ter-Karapetyants v. American Airlines, Inc., et al. | 26-cv-02014 |

The Parties respectfully submit that these additional cases may also be consolidated with the lead case.  Attached to this report is a [Proposed] Consolidation Order.

4 passenger cases, 1 flight attendant case, and all 5 pilot cases (a total of 10 cases) remain un-filed.  Under the present discovery plan, initial discovery responses are due 60 days after a case is filed and Plaintiffs' expert disclosures are due August 31, 2026.  (See Dkt. 36).  Therefore, expert reports would be due before any written discovery responses in those cases filed going forward, which Plaintiffs believe is obviously untenable and inefficient.

Accordingly, the Plaintiffs  respectfully request that the current scheduling deadlines not apply to damages discovery in cases filed after June 1, 2026.  Whether the Court adopts Plaintiffs' bellwether or Defendants' bifurcated trial structure, these later filed cases can be set for a later trial

date, and damages expert discovery and motion practice would proceed based upon deadlines set for those later trial settings.

**Discovery:**  The Parties continue rolling document productions and exchange of discovery. The Joint Discovery Committee continues to meet weekly.  Damages and liability depositions are underway.  Since the last status report, the Parties completed inspections of an exemplar Black Hawk helicopter on June 25, 2026, at Joint Base Cape Code in Massachusetts, the Reagan Washington National Airport Air Traffic Control Tower on June 30, 2026, and have secured the Flight Data Recorder ("FDR") data from each aircraft from the National Transportation Safety Board.

Dated: July 6, 2026

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| KREINDLER & KREINDLER LLP | HOLLAND & KNIGHT LLP |
| | |
| By:   */s/ Vincent C. Lesch* | By:   */s/ William F. Gould* |
| Brian J. Alexander | William F. Gould |
| (Bar ID: NY0679) | (D.C. Bar #428468) |
| Justin T. Green | 800 17th Street, N.W., Suite 1100 |
| (Bar ID: NY0692) | Washington, D.C. 20006 |
| Anthony Tarricone | Tel. (202) 955-3000 |
| (Bar ID: 492480) | william.gould@hklaw.com |
| Daniel O. Rose | |
| (applicant *pro hac vice*) | *Attorneys for Defendants* |
| Vincent C. Lesch | *American Airlines, Inc., and* |
| (Bar ID: NY0675) | *PSA Airlines, Inc.* |
| Evan Katin-Borland | |
| (Bar ID: NY0674) | |
| Erin R. Applebaum | U.S. DEPARTMENT OF JUSTICE |
| (Applicant *pro hac vice*) | |
| 485 Lexington Avenue, 28th Floor | By:   */s/ Bradley J. Preamble* |
| New York, New York 10017 | Bradley J. Preamble |
| (212) 687-8181 | Senior Aviation Counsel |

balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

CLIFFORD LAW OFFICE, P.C.
Robert A. Clifford
(Bar ID: IL0135)
Kevin P. Durkin
(Bar ID: IL0136)
Tracy Brammeier
(Bar ID: IL0137)
John V. Kalantzis
(applicant *pro hac vice*)
120 N. LaSalle Street Suite 3600
Chicago, Illinois 60602
(312) 899-9090
rac@cliffordlaw.com
kpd@cliffordlaw.com
tab@cliffordlaw.com
jvk@cliffordlaw.com

SPEISER KRAUSE, P.C.
Douglas A. Latto
(Bar ID: NY0672)
Kenneth P. Nolan
(applicant *pro hac vice*)
Jeanne M. O'Grady
(admission pending)
Frank H. Granito, III
(applicant *pro hac vice*)
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
(914) 220-5333
dal@speiserkrause.com
f3g@speiserkrause.com
jog@speiserkrause.com
kpn@speiserkrause.com

*Attorneys for Plaintiffs*

Ashley Dempsey
Senior Trial Counsel
Laine Goodhue
Trial Attorney
Civil Division, Torts Branch
Aviation, Space & Admiralty
P.O. Box 14271
Washington, DC 20044-1471
Tel: (202) 616-4025
Email: bradley.j.preamble@usdoj.gov
Email: ashley.dempsey@usdoj.gov
Email: laine.m.goodhue@usdoj.gov

*Attorneys for Defendant*
*United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July 2026, the foregoing document was served by electronic filing on all counsel of record through the Court's ECF system.


/s/ Vincent C. Lesch
Vincent C. Lesch

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A. | [Proposed] Consolidation Order |