**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025** | Lead Case No: 1:25-cv-03382-ACR |
| *This Filing Relates to:*<br>*All Cases* | |

**STIPULATION OF THE PARTIES**

The Plaintiffs Steering Committee ("PSC"), Defendants American Airlines, Inc. and PSA Airlines, Inc. (hereinafter "the Airline Defendants"), and Defendant the United States (hereinafter collectively "the Parties") have had ongoing negotiations in this consolidated matter regarding resolving material issues relating to the passenger claims arising from the DCA Mid Air Collision between US Army Helicopter PAT25 and American Eagle Flight 5342, which occurred in Washington D.C. on January 29, 2025 (hereinafter "midair collision"). These discussions include (a) resolving the jurisdiction whose law shall determine Plaintiffs' damages in the cases arising out of the death of each passenger on board Flight 5342, (b) eliminating the need for a trial on liability, and (c) dismissing all claims and requests for punitive damages against the Airline Defendants.[1]

[1] It is understood and agreed that the Plaintiffs will have a jury as to the Airline Defendants and will ask the Court that the jury act as an advisory jury against the United States pursuant to Federal Rule of Civil Procedure 39. The United States will assert that Plaintiffs' claims against the United States "shall be tried by the court without a jury" as required by 28 U.S.C. § 2402.

Specifically, the parties stipulate as follows:

1. The Plaintiffs maintain that both the United States and the Airline Defendants are liable for the midair collision. The United States admits and stipulates to its liability for the legally permissible compensatory damages arising out of the death of each passenger on board Flight 5342 (hereinafter "Passenger Plaintiff" or "Passenger Case") as contemplated by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.[2] The Airline Defendants maintain that they are not liable for the midair collision, but they nonetheless agree that the estates and/or surviving beneficiaries of the passengers deserve financial compensation for their tragic losses. However, because the Parties agree that the estates and/or surviving beneficiaries of the passengers deserve financial compensation for legally permissible compensatory damages under applicable law resulting from the deaths of passengers, the Parties have agreed to forego any trial on liability in this matter. Rather, the Parties agree that any trial(s) in any Passenger Case will focus solely on the appropriate measure of compensation due, and the United States and Airline Defendants agree to be bound by any judgment(s), subject to their usual rights of remittitur or appeal.[3]

2. The Parties all agree that liability is not at issue in any current or future Passenger Case. Accordingly, no Defendant will disclaim liability, nor will any Defendant argue, in any individual Passenger Case trial for compensatory damages, that any other person or entity is liable to any individual Passenger Plaintiff for compensatory damages stemming from the midair collision and further shall not ascribe fault to any individual pilot on either aircraft or seek contributory or comparative negligence against them in any individual Passenger Plaintiff trial for

[2] This Stipulation does not apply to any case arising out of the death of a PSA pilot or PSA flight attendant.

[3] The terms of the stipulation are a bargained-for resolution to issues presented in this litigation.

compensatory damages. Likewise, Passenger Plaintiffs will make no argument and introduce no evidence relating to liability. Passenger Plaintiffs will not argue—explicitly or implicitly—that the Airline Defendants are liable for the midair collision. For example, the Parties agree that no party will seek to introduce into evidence in Passenger Plaintiff cases any fact relating to TCAS or any portion of the Cockpit Voice Recorder transcript or audio, except that, if the Passenger Plaintiffs demonstrate it is relevant to a claim for their respective passenger's pre death pain and suffering and is otherwise admissible, Plaintiff will be allowed to introduce evidence of the Cockpit Voice Recorder audio or transcript for up to, at most, the 10 seconds prior to the midair collision. That is, other than expressly set forth herein, this Stipulation of the Parties functions as a stipulated motion in limine, where the Parties all agree to exclude from any trial involving the Passenger Plaintiffs all explicit or implicit argument or evidence regarding liability—other than any party's unequivocal acceptance of liability or responsibility.

3. Apart from evidence addressing liability, it is agreed and stipulated that the Parties will be permitted to introduce all relevant and admissible evidence pursuant to the Federal Rules of Evidence and Federal Rules of Civil Procedure at trial regarding the individual decedent whose case is being tried and their beneficiaries' alleged compensatory damages. This may include evidence of economic and non-economic damages for the beneficiaries and/or estates, as well as the pre-impact, pre-death pain and suffering and emotional distress of the decedent as permitted under the applicable law for the respective decedent's domicile or other applicable law. The Parties agree that damages discovery will continue after this Stipulation is executed and entered. The Parties will have a right to discovery, including discovery propounded on third parties, regarding issues relevant to wrongful death damages and/or survival damages. By entering

into this Stipulation no party waives its right to conduct discovery related to compensatory damages.

4. The Defendants stipulate and agree they will not file any dispositive motions in any Passenger Case, including FRCP 12 motions to dismiss or FRCP 56 motions for summary judgment, related in any way to liability or that would otherwise lead to the dismissal of Plaintiffs' claims against any defendant.[4] Defendants reserve the right to file motions concerning damages issues not otherwise resolved by the agreements herein, such as a Plaintiff or decedent's legal domicile, the proper beneficiaries in an individual case, or whether damage elements of the applicable jurisdiction's law are recoverable under the specific facts of a given case.

5. The Parties understand and agree that, by entering into this Stipulation, they are discontinuing all liability discovery and liability expert disclosures in connection with any individual Passenger Case. Further, all Passenger Plaintiffs—and additionally all personal representatives and/or proposed personal representatives for the estates of the decedents, whether or not they have yet filed a case—agree to dismiss (or forego from asserting) any claim for punitive damages against the Airline Defendants stemming from the subject midair collision. This constitutes an affirmative waiver of any claims, arguments, or other assertions for punitive damages by the surviving beneficiaries of all passenger decedents against the Airline Defendants.[5]

6. The undersigned attorneys for all Passenger Plaintiffs are authorized to enter into this stipulation on behalf of all personal representatives or proposed personal representatives on

[4] This includes, but is not limited to, any dispositive motions on the basis of: preemption; failure to state a claim; comparative fault and/or contributory negligence; lack of causation; new, superseding and/or intervening cause; sudden emergency or unavoidable accident; regulatory compliance; reliance on government orders; performance of duties; substance of duties; contract, including conditions of carriage and/or contract of carriage; and/or lack of agency.

[5] The United States cannot be held liable for punitive damages. 28 U.S.C. § 2674.

behalf of all wrongful death beneficiaries, wrongful death claimants, and/or for the estates of the passenger decedents, whether or not they have yet filed a case, as well as all Passenger Plaintiffs who have brought a case consolidated into this litigation under the above captioned docket number to recover wrongful death and/or survival damages sustained as a result of the death of a passenger in the midair collision.

Dated: September 18, 2026

Respectfully submitted,

**PLAINTIFFS**
KREINDLER & KREINDLER LLP

By: */s/ Brian J. Alexander*
Brian J. Alexander
(Bar ID: NY0679)
Justin T. Green
(Bar ID: NY0692)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(*pro hac vice*)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(Bar ID: NY0674)
Erin R. Applebaum
(*pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

CLIFFORD LAW OFFICE, P.C.

By: */s/ Robert A. Clifford*

**DEFENDANTS**
McDERMOTT WILL & SCHULTE LLP

By: */s/ Margaret H. Warner*
Margaret H. Warner
(Bar No. 359009)
Paul W. Hughes
(Bar No. 997235)
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mcdermottlaw.com
mwarner@mcdermottlaw.com

*Attorneys for Defendants American Airlines, Inc., and PSA Airlines, Inc.*

U.S. DEPARTMENT OF JUSTICE

By: */s/ Jonathan D. Guynn*
Jonathan D. Guynn
*Deputy Assistant Attorney General*
*Torts Branch*

By: */s/ Bradley J. Preamble*
Bradley J. Preamble
*Senior Aviation Counsel*
(DC Bar No. 493969)
Ashley Dempsey
*Senior Trial Counsel*

Robert A. Clifford
(Bar ID: IL0135)
Kevin P. Durkin
(Bar ID: IL0136)
Tracy Brammeier
(Bar ID: IL0137)
John V. Kalantzis
(applicant *pro hac vice*)
120 N. LaSalle Street Suite 3600
Chicago, Illinois 60602
(312) 899-9090
rac@cliffordlaw.com
kpd@cliffordlaw.com
tab@cliffordlaw.com
jvk@cliffordlaw.com

SPEISER KRAUSE, P.C.

By: *<u>/s/ Douglas A. Latto</u>*
Douglas A. Latto
(Bar ID: NY0672)
Kenneth P. Nolan
(applicant *pro hac vice*)
Jeanne M. O'Grady
(admission pending)
Frank H. Granito, III
(applicant *pro hac vice*)
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
(914) 220-5333
dal@speiserkrause.com
f3g@speiserkrause.com
jog@speiserkrause.com
kpn@speiserkrause.com

*On Behalf of All Passenger Plaintiffs*

Laine Goodhue
*Trial Attorney*
Civil Division, Torts Branch
Aviation, Space & Admiralty
P.O. Box 14271
Washington, DC 20044-1471
Tel: (202) 616-4025
Email: bradley.j.preamble@usdoj.gov
Email: ashley.dempsey@usdoj.gov
Email: laine.m.goodhue@usdoj.gov

*Attorneys for Defendant*
*United States of America*

**Approved and adopted for all pending Passenger Cases in this matter** in Chambers, Washington D.C, this _____ day of __________, 2026.

______________________________
ANA C. REYES
UNITED STATES DISTRICT JUDGE